Steven O. JAY,
Plaintiff-counter-claim-defendant-Appellant,

v.

UNITED STATES of America,
Defendant–Claimant–Appellee,

Merlyn Helmuth,
Counterclaim–Defendant.

No. 87–1413.

United States Court of Appeals,
Tenth Circuit.

Jan. 23, 1989.

Kevin O. O'Brien, Denver, Colo., for plaintiff-counter-claim-defendant-appellant.

Robert Baker (Michael C. Durney, Michael L. Paup, Gary R. Allen, and Joan I. Oppenheimer, Attorneys, and Roger M. Olsen, Asst. Atty. Gen., on the brief) of the U.S. Dept. of Justice Tax Div., Washington, D.C. for defendant-claimant-appellee.

Before HOLLOWAY, Chief Judge, McWILLIAMS and BRIGHT *, Senior Circuit Judges.

BRIGHT, Senior Circuit Judge.

The question presented in this appeal is whether the taxpayer, Steven O. Jay, presents a factual defense for failure to pay to the Government employment taxes withheld from employee pay checks when the president of the company directed Jay to pay other company obligations and not those taxes.

The district court answered this question in the negative and granted summary judgment, assessing personal liability against Jay. Jay appeals. We reverse and remand for a trial on the merits.

* Honorable Myron H. Bright, United States Senior Circuit Judge, United States Court of Appeals for the Eighth Circuit, sitting by designation.

## I. BACKGROUND

Taxpayer Jay began working as a bookkeeper for Community Service Systems, Inc. (the corporation) in March of 1976. By 1981 he served as the corporation's comptroller. He possessed checkwriting authority, but served neither as an officer nor director, nor did he own an interest in the corporation.

For the last three quarters of 1981, the corporation failed to remit to the Internal Revenue Service (IRS) $84,771.88 in employment taxes withheld from employees' wages. Following the corporation's default on its obligations, the IRS assessed the amount of the unpaid taxes against Jay and the corporation's president, Merlyn Helmuth, contending that they were both responsible persons under section 6672 of the Internal Revenue Code, 26 U.S.C. § 6672.[1]

The Government thereupon applied Jay's overpayment of his 1982 federal income taxes to this penalty assessment. The IRS denied Jay's application for a refund, and he thereafter brought this action for a refund in federal district court. The Government asserted a counterclaim against Jay and joined Helmuth, the president of the corporation, seeking a judgment against each for their liabilities under section 6672. Helmuth defaulted and the Government obtained a judgment for the penalties against him. The Government then sought summary judgment against Jay based on discovery materials and the sworn deposition testimony of Jay and Helmuth.

The record demonstrates that Jay, at relevant times, was aware of policy decisions by the corporation's executives, signed corporate checks and paid bills to creditors from the corporation's bank account, which account included funds withheld from employees' wages. Helmuth gave specific instructions on which major bills to pay. Helmuth specifically testified at his deposition as follows:

1. Section 6672 imposes a 100% penalty on any person who is required to collect, truthfully account for and pay over employment taxes, but who fails to do so.

Q. As you know, one of the issues that we have before us is whether or not Mr. Jay had the authority to direct payments to certain creditors in preference to others. Could you explain to us exactly what Mr. Jay's responsibilities were?

A. They were primarily just to—he handled the day-to-day accounting details and so forth, and he was authorized to sign the checkbooks and so on. But on any of the major bills that came up, such as the taxes and so forth, he normally would just hand me a folder, you know, file folder, and I would then make the decision. I would say we pay this one, we don't pay this one, we pay this one, or we don't pay this one here. That's basically how we handled those. On the minor day-to-day bills we had, he normally wrote out the checks for them.

Q. But on any decisions to prefer a creditor over the United States, Mr. Jay would not have had that decision making?

A. No, I made those decisions. I made those decisions.

Q. And at the time you made the decision to prefer a creditor over the Federal—paying the Federal taxes—let me rephrase that. You did make the decision several times to pay creditors other than the Federal Government; is that correct?

A. Yes, I did.

Helmuth also acknowledged his personal obligation to pay the penalties to the Government and that he had been making payments to the Government under an agreed payment plan, but was in arrears.

The district court granted summary judgment in favor of the Government in the sum of $52,381.50 in unpaid penalties, plus $44,459.69 interest. The district court stated:

[Jay's] only defense to the counterclaim is that the president and principal share-holder of the corporation, Melvin [sic] Helmuth, had directed [Jay] not to pay the payroll taxes during the periods in which the funds were short, and that [Jay] did not make the payments for fear of losing his employment, and it being the view of this court that under *Roth v. United States*, 779 F.2d 1567 (11th Cir. 1986), and other cases, that is not a sufficient defense, and the court, therefore, conclud[es] that the plaintiff, Steven O. Jay, was during the periods in question a responsible officer of Community Service Systems, Inc., within the meaning of Section 6672 of the Internal Revenue Code, and is liable for the penalty imposed * * *.

## II. DISCUSSION

The sole issue before us focuses on whether Jay, as a matter of law, is a responsible person for payment of the withholding taxes under section 6672 of the Internal Revenue Code. Jay contends that the specific instructions he received from Helmuth make Helmuth, not Jay, the person responsible for payment of the withholding taxes.[2] The Government contends that both Jay and Helmuth are responsible persons and that Jay's reliance on Helmuth's directions, which the Government refers to as the "Nuremberg" defense,[3] does not absolve Jay from liability as a responsible person inasmuch as Jay possessed and exercised general checkwriting authority and wrote checks to creditors of the company, knowing that withholding taxes had not been remitted to the Government.

The Government cites three cases in support of its view that a taxpayer such as Jay, here a corporate comptroller who possessed unlimited power to write corporate checks, cannot offer a defense of denial of specific authority to pay withholding taxes

---

**2.** No dispute exists between the parties that more than one person may be a responsible person for an employer. *Roth v. United States,* 779 F.2d 1567, 1571 (11th Cir.1986).

**3.** The term "Nuremberg" defense is an apparent reference to the defense proffered by high level Nazis who were tried in Nuremberg for war crimes committed preceding and during World War II. The Nazis defended their actions by claiming that they were not responsible for their actions because they were only following orders from their superiors.

owed the Government. We review each of those cases.

In the seminal case, *Howard v. United States*, 711 F.2d 729 (5th Cir.1983), the court sustained a grant of summary judgment in favor of the Government and against taxpayer Howard, who it regarded as a responsible person under section 6672(a). There, Howard served as director, minority shareholder and executive vice president of a corporation and managed the corporation's day-to-day operations. The president and majority stockholder of the corporation, Paul Jennings, instructed Howard not to pay to the Government federal withholding taxes.

The court held that "Howard's duties, prerogatives, and prior acts are more than sufficient to establish that he was a 're-sponsible person' for the purpose of section 6672(a) liability." *Id.* at 734. In rejecting Howard's defense of lack of authority to pay the taxes, the court observed that Howard would have lost that authority only after paying the taxes, and stated further:

> Had Jennings fired Howard for paying the taxes, Howard would at least have fulfilled his legal obligations. Faced with the possibility of leaving the frying pan with only minor burns, Howard chose instead to stay on in the vain hope of avoiding the fire. While we appreciate the difficulty of his position, we cannot condone his abdication of the responsibility imposed upon him by law.

*Id.* at 734 (footnote omitted).

Following the *Howard* case, the Eleventh Circuit in *Roth v. United States*, 779 F.2d 1567 (11th Cir.1986), held, as a matter of law, that taxpayer Roth, the vice president and minority shareholder of a corporation who handled the corporation's day-to-day operations and wrote checks on its behalf, was a responsible person under section 6672(a). The court rejected a jury verdict in Roth's favor and granted a judgment notwithstanding the verdict in favor of the Government, despite Roth's testimony that company president Dobbins instructed Roth to pay other creditors, and not the Government, out of corporate funds which

were insufficient to pay all creditors. The court emphasized:

> We must bear in mind that, even after he was instructed by Dobbins not to pay the government its withheld funds, taxpayer as manager of the day to day affairs of the company, caused deductions to continue to be made from the weekly pay checks given to the company's employees, fully knowing that he would not transmit such funds to the government.

*Id.* at 1571.

In *Roth*, Judge Godbold dissented from the majority opinion on grounds that Dobbins' instructions not to pay further taxes to the Government created a jury issue. The dissent noted that Roth held less corporate authority than did Howard in the Fifth Circuit case.

Finally, the Sixth Circuit dealt with the "Nuremberg" defense in *Gephart v. United States*, 818 F.2d 469 (6th Cir.1987), in the context of a general manager of a corporation, who was not a shareholder, director or officer, but who possessed checkwriting authority. Taxpayer Gephart contended that he did not serve the corporation as a responsible person within the meaning of section 6672 because David Bosset, a fifty percent shareholder and officer of the corporation, exercised final authority over which creditors to pay and had told Gephart that it was none of his business that the company failed to pay withholding taxes to the Government.

The trial court, after a full trial, held that Gephart was a responsible person within the meaning of section 6672 of the Code, finding that Gephart exercised control over the day-to-day administrative, accounting and operating functions of the business. On appeal, the Sixth Circuit affirmed, holding that "there is evidence to support the [trial] court's finding that [Gephart] was a responsible person who willfully failed to pay over taxes to the government." *Id.* at 475.

The court cited *Howard* and *Roth* in rejecting Gephart's claim that he was not a responsible person because he received instructions from the corporation's president

that Gephart bore no responsibility for paying the withholding taxes.

We must note, however, that Gephart's defense of nonresponsibility failed, not as a matter of law, but as one of fact. The court in *Gephart* outlined matters of fact to be relied on in determining who is a responsible person:

> Among the specific facts which courts have relied upon in determining whether individuals were persons responsible for the payment of taxes withheld from the wages of employees are: (1) the duties of the officer as outlined by the corporate by-laws; (2) the ability of the individual to sign checks of the corporation; (3) the identity of the officers, directors, and shareholders of the corporation; (4) the identity of the individuals who hired and fired employees; (5) the identity of the individuals who were in control of the financial affairs of the corporation.

*Id.* at 473.

Applying the foregoing principles to the present case, the Government has not established its case as a matter of law. Unlike the circumstances presented in *Roth* and *Howard,* taxpayer Jay did not manage the day-to-day affairs of the corporation, nor did he serve as an officer. His authority to pay bills was circumscribed by Helmuth. This is not a case where the taxpayer necessarily possessed authority as a treasurer to pay all bills, as in *Howard;* nor did Jay receive generalized instructions on priorities, as in *Roth.* Here, the president and general manager of the corporation specifically told Jay to pay other creditors, not the United States.

Although it appears from the record that Jay functioned as the office manager of the company and could write checks, the evidence indicates that he carried out these responsibilities subject to the executive committee's instructions and restrictions on which creditors he should pay.

We do not hold that Jay is absolved of liability. However, the record before us does not establish Jay's liability as a matter of law. Rather, we remand the case for a trial on the merits. The issues of liability are for the trier of fact to determine, upon all the evidence, taking into account questions of credibility and those reasonable inferences flowing from the evidence which may establish, or fail to establish, that Jay possessed a sufficient degree of authority over corporate decisionmaking so as to make him a responsible person within section 6672 of the Code. *See Howard, supra; Roth, supra; Gephart, supra; Kizzier v. United States,* 598 F.2d 1128 (8th Cir.1979); *Hartman v. United States,* 538 F.2d 1336 (8th Cir.1976).

## III. CONCLUSION

We reverse and remand this case for further proceedings in accordance with this opinion.

McWILLIAMS, Senior Circuit Judge, dissenting.

I respectfully dissent. I believe that the district court was correct in ruling as a matter of law that Jay was a "responsible person" for payment of the withholding taxes under section 6672. The present case comes within the rationale of *Roth v. United States,* 779 F.2d 1567 (11th Cir.1986) and *Howard v. United States,* 711 F.2d 729 (5th Cir.1983), to which rationale I subscribe.