Jack S. **BURDEN**, Plaintiff-Appellant,

v.

**UNITED STATES** of America,
Defendant-Appellee.

No. 72-1844.

United States Court of Appeals,
Tenth Circuit.

Argued and Submitted May 25, 1973.

Decided July 12, 1973.

Rehearing Denied Dec. 3, 1973.

---

* Rule 18, 5 Cir., see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409.

John M. Imel, Tulsa, Okl. (Donald P. Moyers, and John H. Conway, Jr., Tulsa, Okl., of counsel), for plaintiff-appellant.

Carleton D. Powell, Tax Div., Dept. of Justice, Washington, D. C. (Myron C. Baum, Acting Asst. Atty. Gen., Meyer Rothwacks, Elmer J. Kelsey, and Wesley J. Filer, Tax Div., Dept. of Justice, Washington, D. C.; Nathan G. Graham, U. S. Atty., of counsel, on the brief), for defendant-appellee.

Before LEWIS, PHILLIPS and BARRETT, Circuit Judges.

BARRETT, Circuit Judge.

Jack S. Burden appeals from a judgment denying his claim for refund of employee withholding taxes in the amount of $310.99 which he paid following a Government penalty assessment and the Court's judgment allowing the Government's counterclaim for $156,-016.28. The Court found that Burden was a responsible officer of CPM Constructors, Inc., (CPM), charged with a duty to remit withholding and social security taxes withheld from employees for the first and second quarters of 1967, and that he willfully failed to pay them in violation of 26 U.S.C.A. § 6672.[1] Jurisdiction in this court rests on 28 U.S.C.A. § 1291.

CPM, an Oklahoma corporation, was formed in 1965 to carry on non-union construction work as a subsidiary of Universal Engineers and Constructors; Universal is principally owned by the O. R. Burden Construction Corporation. CPM entered into two construction contracts with Transwestern Pipeline Company of Texas (TPC) in 1966 to construct three compressor stations and to enlarge a fourth station in Arizona. Burden was Chairman of CPM's Board of Directors when the work began on the contracts with TPC. He was also President and Chairman of the Board of Directors of O. R. Burden Construction Corporation, and Chairman of the Board of Directors of Universal Engineers and Constructors.

CPM submitted its bid to TPC on a non-union basis. Later TPC persuaded CPM to operate with union labor without any adjustment in the contract price. Problems developed with respect to the performance under the contracts with TPC including labor union troubles with employees, erroneous and incorrect engineering and designing by TPC and numerous revisions of drawings by TPC.

---

1. Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over.

CPM began experiencing financial difficulties in November of 1966. CPM's president was terminated on March 8, 1967, at which time Burden assumed those duties. Prior to that time Burden met with TPC officials. TPC paid CPM $188,000 on March 6, 1967, as compensation for overtime wages. TPC also paid CPM $2,541,013.75 for work on the compressor stations. In addition, O. R. Burden Construction advanced CPM $200,000. CPM used these monies to meet net payroll expenses, to pay subcontractors and material suppliers, and to pay off a bank loan.

On April 21, 1967, TPC relieved CPM from performance under the contracts. TPC owed CPM about $400,000 and paid about $359,000 directly to CPM's creditors.' CPM failed to pay employment taxes to the IRS for the first and second quarters of 1967.

Burden alleges that: (1) his actions were not "willful" under Section 6672; (2) CPM became the agent of TPC; (3) he lost control over the funds of CPM to TPC; and (4) under these circumstances he was unable to pay the subject taxes. Once TPC started paying CPM's bills, Burden argues that it was reasonable for him to assume that it would also pay the subject taxes. He also asserts that all job proceeds from TPC were assigned to the bank as security for its loans.

■ There is no argument that under Section 6672 Burden was a "person" under the duty to collect and pay the taxes withheld on the wages of CPM's employees. The issue is whether he "willfully" failed to discharge this duty.

We review the evidence in the light most favorable to the Government and we will not overturn the findings of the District Court unless they are clearly erroneous. House Beautiful Homes, Inc. v. Commissioner of Internal Revenue, 405 F.2d 61 (10th Cir. 1968); Coffey v. United States, 333 F.2d 945 (10th Cir. 1964).

■■ "Willfully" as used in Section 6672, *supra*, means a voluntary, conscious and intentional decision to prefer other creditors over the Government. Newsome v. United States, 431 F.2d 742 (5th Cir. 1970); Pacific National Insurance Company v. United States, 422 F.2d 26 (9th Cir. 1970), cert. denied, 398 U.S. 937, 90 S.Ct. 1838, 26 L.Ed.2d 269 (1970); Monday v. United States, 421 F.2d 1210 (7th Cir. 1970), cert. denied, 400 U.S. 821, 91 S.Ct. 38, 27 L.Ed.2d 48 (1970); Dillard v. Patterson, 326 F.2d 302 (5th Cir. 1963). It does not require bad motive as in a criminal case. The "person" required to collect and pay over withholding and social security taxes imposed upon the wages of employees is their employer. 26 U.S.C.A. §§ 3101, 3102, 3402, 3403. 26 U.S.C.A. § 6671(b) defines "person" as used in § 6672, *supra*, as *an officer of a corporation whose function it is to perform the acts in respect to which the violation occurs*. Burden was fully aware of CPM's financial difficulties and defaulted tax obligations. Notwithstanding, he chose to prefer and pay creditors other than the Government. Burden's argument that TPC controlled CPM's funds does not render him less "willful"; TPC did not agree to pay the taxes, and Burden disbursed over $2,000,000 to various creditors other than the Government after he knew that CPM's employees' taxes had not been remitted to the United States.

Affirmed.