Wallace J. PARR

v.

UNITED STATES of America.

Civ. No. JFM–87–2527.

United States District Court,
D. Maryland.

June 9, 1988.

Richard M. Kremen, Semmes, Bowen and Semmes, Baltimore, Md., for plaintiff.

Larry D. Adams, Asst. U.S. Atty., Baltimore, Md., and Frederic J. Baker, U.S. Dept. of Justice, Washington, D.C., for defendant.

## OPINION

MOTZ, District Judge.

This action has been instituted against the United States of America by Wallace J. Parr under 26 U.S.C. Section 7422 (1982) to recover taxes and penalties alleged to have been erroneously assessed against him. The Government has counterclaimed to recover interest that has accrued on the assessment and has now moved for summary judgment with respect to both the claim and the counterclaim.

The assessment in question is a 100% penalty asserted against Parr under 26 U.S.C. Section 6672 (1982) for employee

withholding taxes and FICA taxes ("withholding taxes") which Markwood Corporation failed to pay for the last quarter of 1977 and the first two quarters of 1978. Parr was the president of Markwood Corporation during the period in which these taxes were to be collected for forwarding to the Internal Revenue Service.

Parr asserts several grounds in support of his contention that the 100% penalty was improperly assessed against him. He concedes that several of these grounds were not asserted in his administrative claim for refund, and he seeks a stay of this suit until the merits of these newly asserted grounds for refund have been administratively resolved. The Government opposes that request but does not contest that two of the grounds here asserted were set forth in Parr's prior administrative claim: (1) that payment of the withholding taxes was satisfied by an Application For Tentative Refund (Form 1139) allegedly filed by Markwood in September 1978 showing a refund due of $21,092 for the 1976 tax year, and (2) that there was "reasonable cause" for the non-payment of the taxes because they could have been collected through Markwood's bankruptcy proceeding filed in July 1978.

■ Parr's contention based upon the refund shown to be due on the Form 1139 is predicated upon the timeliness of the filing of the Form 1139. To demonstrate that the form was timely filed, Parr has submitted affidavits indicating that, "in accordance with routine business practices of his office," the trustee mailed the Form 1139 (and the accompanying Form 1120 upon which it was based) to the IRS in a timely fashion after he had received the form from the accountant who prepared it. In other contexts these affidavits clearly would be sufficient to raise a factual issue as to whether or not a document had been mailed to and received by the addressee. However, as a matter of law, the fact of the IRS's actual receipt of a tax form can be proved only by the IRS's acknowledgement that it received the claim or by a registered mail return receipt evidencing that fact. *See* I.R.C. Section 7502 (1982 & Supp. IV 1986); *Miller v. United States,* 784 F.2d 728, 730–31 (6th Cir.1986) (per curiam); *Wiggins v. United States,* No. HM–85–1591 (D.Md. December 29, 1986). Parr has produced no evidence on either of these points, and the IRS has submitted an affidavit showing that its records do not reflect receipt of the Form 1139. Since the Government would be entitled to a directed verdict on this evidence at trial, it is likewise entitled to summary judgment now. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250–51, 106 S.Ct. 2505, 2511–12, 91 L.Ed.2d 202 (1986).[1]

■ Parr's "reasonable cause" contention likewise fails as a matter of law. First, the great weight of authority is that there is no such "reasonable cause" defense to the non-payment of withholding taxes. *See, e.g., Kalb v. United States,* 505 F.2d 506, 509–10 (2d Cir.1974), *cert. denied,* 421 U.S. 979, 95 S.Ct. 1981, 44 L.Ed.2d 471 (1975); *Pacific National Insurance Co. v. United States,* 422 F.2d 26, 33 & n. 19 (9th Cir.), *cert. denied,* 398 U.S. 937, 90 S.Ct. 1838, 26 L.Ed.2d 269 (1970); *Monday v. United States,* 421 F.2d 1210, 1216 (7th Cir.), *cert. denied,* 400 U.S. 821, 91 S.Ct. 38, 27 L.Ed.2d 48 (1970). The Fifth Circuit, which has "conceptually" recognized the availability of the defense, *see Newsome v. United States,* 431 F.2d 742, 746–47 (5th Cir.1970), has recently observed that no taxpayer has yet prevailed on it. *See Bowen v. United States,* 836 F.2d 965, 968 (5th Cir.1988). Second, all that Parr has relied upon to substantiate this defense is his assertion that he relied upon the trustee to file tax returns and that he made efforts to have at least partial payment of the taxes made through the bankruptcy proceeding. This assertion is

---

1. In light of the fact Parr cannot prove the IRS' receipt of the Form 1139, this Court need not decide the Government's second argument that the IRS had no duty to apply any refund shown to be due on the 1139 against the unpaid withholding taxes.

far from sufficient to establish a reasonable cause defense, even assuming that it exists. As president of Markwood prior to the time that it was placed into bankruptcy, Parr had the duty to see that the withholding taxes were collected and effectively paid over to the IRS, and he cannot rely upon the filing of the bankruptcy to relieve him of that obligation.

■ Parr's request that this action be stayed for the purpose of entertaining other contentions now being litigated through the administrative process is denied. If Parr is unsuccessful in obtaining his refund through the administrative process and desires to press his claim in court, he may then file a new action.

A separate order effecting the rulings made in this opinion is being entered herewith.

### ORDER

For the reasons stated in the opinion entered herein, it is this 9th day of June 1988

ORDERED

1. The motion for summary judgment filed by the United States of America is granted;

2. Judgment is entered in favor of the United States against plaintiff in the amount of $33,563.33 with interest accruing according to 26 U.S.C. Section 6621 (1982) from January 1988 until satisfaction; and

3. Plaintiff's request for stay is denied.