Harry SCOTT,
Plaintiff/Counterclaim Defendant,

v.

UNITED STATES of America,
Defendant/Counterclaim
Plaintiff,

v.

J.H. HAMBRIC, Counterclaim
Defendant.

Civ. A. No. 87–B–1733.

United States District Court,
D. Colorado.

Dec. 29, 1988.

Benjamin Spitzer, Budd and Spitzer, P.C., Denver, Colo., for plaintiff/counterclaim defendant.

John D. Steffan, Dept. of Justice, Tax Div., Washington, D.C., William J. Norton,

William G. Pharo, U.S. Attys. Office, Denver, Colo., for defendant/counterclaim plaintiff.

J.H. Hambric, Conifer, Colo., pro se, counterclaim defendant.

## MEMORANDUM OPINION AND ORDER

BABCOCK, District Judge.

Pending before this court is the United States of America's (the United States) motion for summary judgment on its counterclaim based on 26 U.S.C. § 6672 against Harry Scott (Scott) and J.H. Hambric (Hambric). Jurisdiction exists pursuant to 28 U.S.C. § 1346(a)(1).

The motion for summary judgment is granted in favor of the United States against Scott for the entire second and third quarters of 1982 and from October 1 through November 15 of the fourth quarter. The motion for summary judgment is granted in favor of the United States against Hambric for all three quarters.

### I.

This case involves the assessment of 26 U.S.C. § 6672 civil penalty (100% penalty) against two officers (Scott and Hambric) of Petro Labs, Inc. (PLI) for their failure to properly collect, account for, and pay over to the United States withholding taxes on wages paid employees during the second ($11,426.09), third ($5,518.19), and fourth ($1,000.00) quarters of 1982. These amounts are uncontested.

(PLI), now defunct, was a wholly owned subsidiary of Petro Mineral Resources, Inc. (PMRI), an oil exploration company. PMRI encountered financial problems and PLI was formed as a vehicle to obtain funding for oil exploration.

PLI began operating in January, 1981 with Scott as president and Hambric as vice-president. On November 15, 1982, Scott resigned from PLI and Hambric took over as president. Shortly thereafter, PLI ceased operations.

Scott paid $578.00 on the assessment. He filed this action for refund of this amount and abatement of the remainder of the assessment for the last three quarters of 1982. The United States filed this motion for summary judgment after answers were filed to its counterclaim for the assessed penalty.

### II.

Fed.R.Civ.P. 56 provides that summary judgment shall be granted if the pleadings, depositions, answers to interrogatories, admissions, or affidavits show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Summary judgment is appropriate when the Court can conclude that no reasonable juror could find for the non-moving party on the basis of the evidence presented in the motion and response. *Matsushita, supra.* The non-moving party *must* present sufficient evidence so that a reasonable juror could find for him. The standard is whether the non-movant has presented evidence which is persuasive enough for a reasonable juror to rule in his favor. *Id.* Further, the non-moving party has the burden of showing that there are issues of material fact to be determined. *Celotex, supra.*

### III.

26 U.S.C. § 6672 provides:

**(a) General Rule.**—Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over. No penalty shall be imposed under section 6653 for any offense to which this section is applicable.

26 U.S.C. § 6671(b) provides:

**(b) Person defined.**—The term "person", as used in this subchapter, includes an officer or employee of a corporation, or a member or employee of a partnership, who as such officer, employee, or member is under a duty to perform the act in respect of which the violation occurs.

The rationale for § 6672 is that "[s]ince funds withheld from an employee's salary are held as a special fund in trust for the United States …, it is only proper that the employer, as the trustee of the fund, be subject to a 100% penalty assessment if he fails to deliver the fund to the United States as beneficiary." *Bolme v. Nixon,* 239 F.Supp. 907, 911 (E.D.Mich.1965). "Absent stringent measures to protect these funds, they might easily be available to finance a business which was in a hazardous or failing condition." *See Mueller v. Nixon,* 470 F.2d 1348, 1351 (6th Cir. 1972), *cert. denied,* 412 U.S. 949, 93 S.Ct. 3011, 37 L.Ed.2d 1001 (1973). When a party pays any portion of a penalty existing for failure to pay withheld taxes and the government counterclaims for the remainder, the assessment is presumed to be correct and the taxpayer has the burden of proving that the assessment is wrong. *See Fidelity Bank, N.A. v. United States,* 616 F.2d 1181 (10th Cir.1980).

Before Scott and Hambric may be held liable under § 6672, two elements must be met. First, each must be a "responsible person", required to collect and pay over the taxes due. Second, each must have "willfully" failed to have performed the duty to collect and pay over the taxes. *Burden v. United States,* 486 F.2d 302, (10th Cir.1973), *cert. denied,* 416 U.S. 904, 94 S.Ct. 1608, 40 L.Ed.2d 109 (1974); *Barnett v. United States,* 594 F.2d 219 (9th Cir.1979).

The phrase "responsible person" as contemplated by § 6672 includes an officer or employee of a corporation who is under a duty to collect, account for, or pay over the withheld tax. 26 U.S.C. § 6671(b); *Burden v. United States, supra; see also Thibodeau v. United States,* 828 F.2d 1499 (11th Cir.1987); *Mazo v. United States,* 591 F.2d

1151 (5th Cir.1979), *cert. denied, sub. nom. Lattimore v. United States,* 444 U.S. 842, 100 S.Ct. 82, 62 L.Ed.2d 54 (1979). Also, responsibility is a "matter of status, duty and authority, not knowledge." *Mazo, supra,* at 1156. Factors to be considered in determining whether one is a "responsible person" include whether the person in question held corporate office, the degree to which the person exercised control over financial affairs of the corporation, authority to disburse corporate funds, and the person's ability to hire and fire employees. *Roth v. United States,* 779 F.2d 1567 (11th Cir.1986). More than one person may be a responsible officer of the corporation under § 6672. *Roth, supra.*

The second element, "willfully", as used in § 6672, means a "voluntary, conscious and intentional decision to prefer other creditors over the Government. It does not require bad motive as in a criminal case." *Burden v. United States, supra* at 304. Once it is established that a taxpayer is a responsible person, the burden of proving lack of willfulness is on the taxpayer. *Mazo, supra.*

### IV.

The United States claims taxes due from Scott for the second, third, and fourth quarters of 1982. Because Scott paid $578 against the debt and seeks a refund of that amount plus abatement of the remainder of the assessment, the assessment is presumed correct and Scott bears the burden of proving it incorrect. *See Fidelity Bank, supra.*

From the pleadings and attachments, the Court concludes that Scott does not contest that he is a "responsible person" as contemplated by § 6672. Rather, he contends that "he did not 'willfully' fail to collect, or willfully fail to truthfully account for any tax" and therefore is not liable for the 100% penalty pursuant to § 6672. Because, there is no genuine issue of material fact that Scott is a responsible person, he also bears the burden of proving lack of willfulness. *See Mazo, supra.*

## A.

### SECOND AND THIRD QUARTERS

Scott asserts that prior to August 5, 1982 he had no knowledge that there were unpaid taxes and, thus, he has no liability for the second quarter unpaid taxes. However, from the Fed.R.Civ.P. 56 materials filed here, I conclude that Scott has failed to meet his burden of persuasion, *see Matsushita, supra*, that he had no knowledge prior to August 1982 that the taxes in question were not paid and were owing.

It is uncontested that Scott signed Form 4180, "Report of Interview held with Person Relative to Recommendation of 100% Penalty Assessments", in which he states that he first became aware in June 1982 that the tax liability was not paid. Scott had signature authority over PLI's payroll and general accounts. He conducted PLI business transactions including the borrowing and loaning of monies. Also, Hambric testified in deposition that Scott knew the payroll taxes were not being paid prior to August 5, 1982. Hambric repeats this assertion in his pleadings. Moreover, the August 5, 1982 memo from Hambric to Scott, fairly read, assumes this prior knowledge.

■ Accordingly, as there is no genuine issue of material fact that Scott is a "responsible person" who "willfully failed to collect and pay over the taxes in question", he is liable for the 100% penalty under § 6672 for the second and third quarters of 1982. *See Mazo, supra; Barnett, supra; Gray v. United States*, 586 F.Supp. 1127 (D. Kansas 1984).

## B.

### FOURTH QUARTER TAXES

■ Scott correctly contends that, as a matter of law, he cannot be liable for any taxes which accrued after he left the corporation on November 15, 1982. By its clear language, the definition of "responsible person" applies to officers or employees of a corporation. Also, liability for the taxes arises at the time the sums are withheld from the employees' wages rather than at the later date when the employer's quarterly tax return is filed. *Bolding v. United States*, 565 F.2d 663, 215 Ct.Cl. 148 (1977). Therefore, since it is uncontested that after November 15, 1982 Scott was neither an officer or employee of PLI, his 100% penalty under § 6672 for the fourth quarter taxes must be apportioned to cover only the period from October 1 through November 15, 1982.

## C.

■ Scott asserts, without any supporting evidence, that Hambric was directed to pay all taxes in issue, but embezzled the money. Even if this were true, Scott remains liable because "under no circumstances does the delegation of the obligation to pay the taxes relieve a responsible person of liability." *George v. United States*, 819 F.2d 1008, 1012 (11th Cir.1987); *Hornsby v. IRS*, 588 F.2d 952 (5th Cir. 1979). It is no defense that another individual in the corporation was a "responsible person" because the liability under § 6672 is joint and several. *Brown v. United States*, 591 F.2d 1136 (5th Cir.1979).

## V.

The United States claims the same 100% penalty from Hambric for the second, third, and fourth quarters of 1982.

■ From the F.R.C.P. 56 materials here, I conclude that Hambric does not contest that he is a "responsible person" within § 6672. In any event, I am persuaded that he is such a "responsible person." He was an officer (initially vice-president) of PLI. He was a signatory on the company account, wrote checks on the account, signed the quarterly tax returns, and borrowed monies on behalf of PLI. He had substantial input into PLI's financial workings as PLI's accountant, and, after Scott resigned in November 1982, became president of PLI. *See Mazo, supra; Roth, supra.*

Hambric's response to the summary judgment motion is conclusory and terse. He apparently contends only that he did not "willfully" pay the taxes because he did not have the power or control to direct the monies of PLI. Because there is no

genuine issue of material fact that Hambric is not a responsible person he bears the burden on this issue. I am not persuaded that he has met his Fed.R.Civ.P. 56 burden under *Celotex, supra* and *Matsushita, supra.*

■ It is uncontested that Hambric knew of PLI's taxes owed. It is also uncontested that he wrote checks out of available funds to other creditors rather than the government. Even assuming that Hambric was directed by others as to whom to pay, this does not render him less "willful." *See Burden, supra; Gray v. United States, supra.*

To the extent that Hambric is asserting that the term "willfully" means "without reasonable cause," *see Feist v. United States,* 607 F.2d 954, 221 Ct.Cl. 531 (1979) this standard was implicitly rejected by the 10th Circuit in *Burden, supra. See Monday v. United States,* 421 F.2d 1210 (7th Cir.1970), *cert. denied,* 400 U.S. 821, 91 S.Ct. 38, 27 L.Ed.2d 48 (1970) (explicitly rejecting the "reasonable cause" standard). Moreover, even under such a standard, Hambric's failure to pay was without reasonable cause because a taxpayer's reliance on another responsible party after notification of the delinquency, provides no excuse. *See George v. United States, supra.*

Finally, in the August 5, 1982 memo written by Hambric to Scott, Hambric states that he had signed an IRS document agreeing that he is responsible for any unpaid payroll taxes. Accordingly, as there is no genuine issue of material fact that Hambric is a "responsible person" who "willfully" failed to collect and pay over the taxes in question, he is liable for the 100% penalty under § 6672 for all three 1982 quarters. *See Mazo, supra; Barnett, supra; Gray, supra.*

IT IS THEREFORE ORDERED that the United States' motion for summary judgment is granted as to counterclaim defendant Harry Scott for the 26 U.S.C. § 6672 penalty assessed against him for the entire 1982 second and third quarters and the 1982 fourth quarter from October 1 through November 15; the motion is denied as to the remainder of the 1982 fourth quarter. As no material issues of fact remain for this period and Scott cannot, as a matter of law, be liable therefor, summary judgment shall enter for Scott against the United States for this prorated period.

IT IS FURTHER ORDERED that the United States' motion for summary judgment for the 26 U.S.C. § 6672 penalty assessed against counterclaim defendant J.H. Hambric is granted for the second, third, and fourth quarters of 1982.