951 F.2d 1259
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 K.E. NORTH, Plaintiff-Counter-Defendant-Appellant,
v.
UNITED STATES of America, Defendant-Counter-Claimant-Appellee.
 No. 91-3098.
 United States Court of Appeals, Tenth Circuit.
 Dec. 13, 1991.
 
 Before LOGAN, JOHN P. MOORE and BALDOCK, Circuit Judges.
 ORDER AND JUDGMENT*
 JOHN P. MOORE, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff appeals from an adverse judgment entered by the district court in this action arising out of the government's assessment of a one-hundred percent penalty against Plaintiff for willful failure to pay over employee withholding taxes pursuant to 26 U.S.C. § 6672. The district court granted the government's Motion for Summary Judgment as to Plaintiff's liability under the statute and reserved determination of the amount of the penalty for trial. To expedite review, the parties resolved the latter issue by stipulation. Judgment was entered in favor of the government in the sum of $106,719.78 plus interest, and Plaintiff appealed.
 
 
 3
 We review summary judgment determinations de novo. Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc., 912 F.2d 1238, 1241 (10th Cir.1990). "We apply the same legal standard used by the district court under Fed.R.Civ.P. 56(c) and examine the record to determine if any genuine issue of material fact was in dispute; if not, we determine if the substantive law was correctly applied." Id. While we view the record in the light most favorable to the party opposing summary judgment, "the nonmoving party may not rest on its pleadings but must set forth specific facts showing that there is a genuine issue for trial as to those dispositive matters for which it carries the burden of proof." Id.
 
 
 4
 The facts pertinent to the disposition of this case have been set out in detail by the district court and the parties. Therefore, we shall only refer to particular matters as needed in the course of our analysis.
 
 
 5
 The § 6672 penalty may be imposed upon (1) any responsible person (2) who has willfully failed to collect, account for, or pay over federal employment taxes. Burden v. United States, 486 F.2d 302, 304 (10th Cir.1973), cert. denied, 416 U.S. 904 (1974); Williams v. United States, 931 F.2d 805, 809-10 (11th Cir.), reh'g granted and op. supp. on other grounds, 939 F.2d 915 (1991). Plaintiff concedes his status as a responsible person under the statute. Thus, only the element of willfulness is in dispute, a matter upon which Plaintiff bears the burden of proof. Williams, 931 F.2d at 810; Calderone v. United States, 799 F.2d 254, 258-59 (6th Cir.1986).
 
 
 6
 Plaintiff also admits that he knew creditors were being paid after he had become aware of the failure to pay over withholding taxes to the government. Ordinarily, evidence of such conduct would establish willfulness and warrant entry of summary judgment against a responsible person under § 6672. See Mazo v. United States, 591 F.2d 1151, 1157 (5th Cir.), cert. denied, 444 U.S. 842 (1979); Carter v. United States, 717 F.Supp. 188, 193-94 (S.D.N.Y.1989). See generally Burden, 486 F.2d at 304 (" '[w]illfully' as used in [§ 6672] ... means a voluntary, conscious and intentional decision to prefer other creditors over the Government ... [and] does not require bad motive as in a criminal case"). Plaintiff seeks to avoid this consequence by arguing that this case presents unusual circumstances justifying recognition of at least one of several potential affirmative defenses to § 6672 liability. We agree with the district court that, to whatever extent the asserted defenses are otherwise viable, the evidence relied upon by Plaintiff is insufficient to demonstrate a triable issue thereunder.
 
 
 7
 Without committing this court to the exceptional holdings in McCarty v. United States, 437 F.2d 961 (Ct.Cl.1971), and Tozier v. United States, 65-2 U.S.T.C. (CCH) p 9621 (W.D.Wash.1965), we note that subsequent decisions have generally limited these cases to their quite unusual facts. Thus, relief from § 6672 liability might be awarded under McCarty only if the government actively prevented the responsible person from paying over withheld taxes, see Calderone, 799 F.2d at 257; Cooper v. United States, 539 F.Supp. 117, 122 (E.D.Va.1982), aff'd, 705 F.2d 442 (4th Cir.1983), and under Tozier only if the government actually entered into an agreement with the responsible person to look solely to company assets for delinquent taxes (in return for the responsible party's commitment to continuing operation of the business), see Peterson v. United States, 728 F.Supp. 624, 625 (D.Idaho 1989); United States v. De Beradinis, 395 F.Supp. 944, 953 (D.Conn.1975), aff'd, 538 F.2d 315 (2d Cir.1976). The evidence cited by Plaintiff implicates neither of these scenarios, which thus remain merely remote speculative possibilities insufficient to raise a triable issue.[1] Plaintiff's related objection that the government should have pursued collection efforts against his employer more diligently before looking to Plaintiff for satisfaction under § 6672 is undercut by a host of authorities noted by the district court.
 
 
 8
 Plaintiff has also referred us to a line of Fifth Circuit cases recognizing a "reasonable cause" exception to willfulness under § 6672. See, e.g., Newsome v. United States, 431 F.2d 742, 746-47 and n. 11 (5th Cir.1970). However, this is clearly a minority view, see, e.g., Barnett, 594 F.2d at 221-22; Harrington v. United States, 504 F.2d 1306, 1316 (1st Cir.1974); Monday v. United States, 421 F.2d 1210, 1216 (7th Cir.), cert. denied, 400 U.S. 821 (1970); Parr v. United States, 694 F.Supp. 146, 147 (D.Md.1988); IRS v. Blais, 612 F.Supp. 700, 711 (D.Mass.1985); Cooper, 539 F.Supp. at 121 and n. 6, which, moreover, appears to clash with this circuit's insistence that (bad) motive is not a pertinent inquiry under § 6672. See Burden, 486 F.2d at 304; see also Scott v. United States, 702 F.Supp. 261, 265 (D.Colo.1988) (Burden implicitly rejects reasonable cause exception); Gray v. United States, 586 F.Supp. 1127, 1131 (D.Kan.1984) (same). Indeed, even the Fifth Circuit, which has noted the difficulty of establishing reasonable cause for noncompliance with § 6672, see Bowen v. United States, 836 F.2d 965, 968 (5th Cir.1988) ("no taxpayer has yet carried that pail up the hill"), would probably not apply the principle under the present circumstances. See Newsome, 431 F.2d at 748 n. 12 (reasonable cause would not include taxpayer's assumption that government would look elsewhere to satisfy taxes or taxpayer's expectation that financial condition of business would improve). The district court did not err in failing to recognize a reasonable cause exception excusing Plaintiff's noncompliance with § 6672.
 
 
 9
 Finally, Plaintiff argues that the government's enforcement of § 6672 against him violated his Fourteenth Amendment rights. We agree with the district court and the government that Plaintiff has made no showing of a cognizable constitutional claim. See generally Austin v. United States, 611 F.2d 117, 119-20 (5th Cir.1980) (rejecting equal protection claim based on selective enforcement of tax provision); Kalb v. United States, 505 F.2d 506, 510 (2d Cir.1974) (rejecting due process challenge to § 6672), cert. denied, 421 U.S. 979 (1975).
 
 
 10
 The judgment of the United States District Court for the District of Kansas is AFFIRMED. Plaintiff's request for oral argument is DENIED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Plaintiff himself did not even testify that the government actually prevented his compliance with § 6672 or expressly agreed or promised to hold him harmless for any noncompliance. At most, Plaintiff's testimony indicates only that he may have unilaterally drawn the latter, self-serving conclusion at the time. Indeed, even this characterization of the evidence may be overgenerous, as Plaintiff admitted in his deposition that the government "made it very clear to me that the taxes had to be paid, there was absolute clarity on that issue." Appellant's App. at 91. In any event, application of an estoppel principle against the government to thwart its enforcement of § 6672 on the scant showing made by Plaintiff would be clearly inappropriate. See generally Trapper Mining Inc. v. Lujan, 923 F.2d 774, 781 (10th Cir.), cert. denied, 112 S.Ct. 81 (1991); Penny v. Giuffrida, 897 F.2d 1543, 1546 (10th Cir.1990). Even if the government knew of the precarious financial standing of Plaintiff's company and stood by as Plaintiff incurred a greater and greater liability under § 6672 trying to keep the company operating, the government's (in)action would not negate the willfulness of Plaintiff's conduct or estop the government from imposing the statutory penalty. Barnett v. United States, 594 F.2d 219, 221-22 (9th Cir.1979)