**Ronald P. MUCK, Plaintiff,**

v.

**UNITED STATES of America, Defendant,**

v.

**Ronald P. MUCK and Duane Kiskadden, Counterclaim Defendants.**

**Civ. A. No. 91–C–434.**

United States District Court, D. Colorado.

June 4, 1992.

Richard Slivka, Denver, Colo., for plaintiff.

William G. Pharo, Asst. U.S. Atty., for defendant.

## MEMORANDUM OPINION AND ORDER

CARRIGAN, District Judge.

Plaintiff Ronald Muck commenced this action under 26 U.S.C. § 7422 for refund of a penalty assessed and collected pursuant to 26 U.S.C. § 6672 based on his alleged failure to pay over wage withholding taxes. Pursuant to Fed.R.Civ.P. 13 the defendant, Internal Revenue Service (IRS), has counterclaimed under 26 U.S.C. § 7401 seeking to reduce to judgment outstanding tax assessments against Ronald Muck and Duane Kiskadden. The IRS has moved for summary judgment on Muck's claims and action as well as on its counterclaims. Muck has responded by opposing the motion. Kiskadden has not responded.

The parties have briefed the issues and oral argument would not be helpful. Jurisdiction is founded on 28 U.S.C. § 1346(a)(1).

## I. FACTS.

Graystone Castle, Ltd. (Corporation) leased and operated a hotel and restaurant at the Sheraton Graystone Castle, in Thornton, Colorado. Ronald Muck is the president and sole shareholder of the Corporation. Duane Kiskadden was the general manager of the hotel during the period at issue.

The Corporation did not pay over taxes required to be withheld from its employees for the last quarter of 1988 and the first two quarters of 1989. Kiskadden and the IRS negotiated a payment plan in May 1989 to bring the delinquent account current. One payment had been made under the plan when Commercial Federal Savings and Loan of Denver (Commercial Federal), the construction lender on the hotel, foreclosed on its loan and seized the buildings and other assets, including cash on hand and accounts receivable.

Subsequently, the IRS assessed the delinquent wage withholding taxes against both Muck and Kiskadden. On December 12, 1990, Muck received the IRS' notice of intent to levy. He paid over to the IRS $589, an amount equal to one employee's withholding tax for one quarter, and then commenced the instant action for a refund under 26 U.S.C. § 7422.

## II. ANALYSIS.

The IRS contends that both Muck and Kiskadden were persons responsible for collection and payment of the Corporation's wage withholding taxes and that each willfully failed to carry out that duty. Muck and Kiskadden deny responsibility, and, further, deny that their failure to pay over the taxes was willful.

Summary judgment is appropriate if the pleadings, depositions and affidavits, if any, demonstrate that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); Fed.R.Civ.P. 56. The party opposing a properly supported summary judgment motion may not rest upon the mere allegations of the complaint, but must set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). A factual dispute is material only if, under the governing law, its resolution might affect the action's outcome. A factual dispute is genuine only if a reasonable fact finder could return a verdict for the nonmoving party. *Id.*

Every employer who pays wages must deduct and withhold federal taxes and deposit those funds into a trust account for the benefit of the United States. 26 U.S.C. § 3402. A willful failure to collect, account for and pay over such taxes will result in imposition of a penalty equal to the amounts withheld against the "responsible person." 26 U.S.C. § 6672(a).

The IRS must establish two elements before it can impose personal liability for unpaid withholding taxes: (1) the individual to be penalized must be responsible for collection and payment of the tax; and, (2) the failure to comply must be willful. *Jay v. United States*, 865 F.2d 1175, 1178 (10th Cir.1989).

▉ Factors to be considered in determining responsibility include:

"(1) the duties of the officer as outlined by the corporate by-laws; (2) the ability of the individual to sign checks of the corporation; (3) the identity of the officers, directors and shareholders of the corporation; (4) the identity of the individuals who hired and fired employees; (5) the identity of the individuals who were in control of the financial affairs of the corporation." *Id.*

More than one person may be held responsible for payment of a corporation's wage withholding taxes. *Mussato v. United States*, 50 AFTR2d 82–5428, 1982 WL 1658 (D.Colo.1982). Personal liability for the unpaid taxes will attach to those within the corporation who have both the power and the responsibility to order the taxes paid. *Monday v. United States*, 421 F.2d 1210, 1214 (7th Cir.1970).

▉ Willfulness does not require a showing of evil intent or motive. *Burden v. United States*, 486 F.2d 302, 304 (10th Cir.1973). Rather, "an act which is voluntary, conscious and intentional, as opposed to accidental" is sufficient. *Id.* Payment to creditors other than the IRS, when the payor knows withholding taxes are delinquent, is sufficient to establish willfulness. *Id.*

## A. RONALD MUCK.

The IRS asserts that, based on his status within the Corporation, Muck was a responsible person and, further, that he willfully failed to pay over withholding taxes. Muck denies that he was a person responsible for paying over the taxes, asserting that he was merely a "figurehead" at the Corporation, with no day-to-day involvement. Further, Muck contends that his failure to pay over the taxes was not willful because the Corporation had entered into a payment plan with the IRS to bring the tax account current.

▉ I conclude that Muck had control over the corporation's financial affairs suf-ficient to render him a person responsible for collection and payment of wage withholding taxes. Muck admitted in his deposition that on learning of the delinquency he ordered Kiskadden to either pay the taxes or cease operations. Further, in that deposition Muck acknowledged that he could have written a check to pay the IRS. Day-to-day control over the corporation's finances is not necessary under § 6672; rather the authority to order the taxes paid will result in a finding of responsibility. *Kinnie v. United States*, 771 F.Supp. 842, 855 (E.D.Mich.1991).

▉ I further find and conclude that Muck's conduct was willful. At a time when he had knowledge that the taxes were delinquent, as well as that the corporation was making payments to other creditors, Muck nevertheless failed to pay the taxes. These facts establish that Muck's failure to pay the taxes was willful. *Burden*, 486 F.2d at 302. Moreover, reliance on a payment plan negotiated by the corporation with the IRS will not absolve an individual of personal responsibility; corporate and individual liabilities under § 6672 are separate and distinct. *Monday*, 421 F.2d at 1218; *Bowlen v. United States*, 90–2 USTC 50,409, 1990 WL 118755 (S.D.Ind.1990). Accordingly, the IRS' motion for summary judgment as to Muck will be granted.

## B. DUANE KISKADDEN.

The IRS contends that Kiskadden also was responsible for collection and payment of the withholding taxes. Further, the IRS asserts that his failure to pay the taxes was willful because he paid creditors other than the United States at a time when he knew the taxes at issue were due and owing.

▉ I conclude, based on the undisputed facts, that Kiskadden was and is a responsible person.[1] Although not an officer, director or shareholder, he had day-to-day control of the Corporation's financial

---

1. Kiskadden failed to reply to the IRS' request for admissions. Requests for admissions not answered within thirty days are deemed admit-ted. Fed.R.Civ.P. 36. His deposition testimony also supports the facts stated here.

affairs and he did in fact hire and fire employees, determine their salaries and sign and disburse payroll checks. *Hochstein v. United States*, 900 F.2d 543 (2nd Cir.1990).

 Moreover, because Kiskadden knew of the federal tax delinquencies and yet chose to pay other creditors, I find and conclude that his conduct was willful. *Burden*, 486 F.2d at 304. Further, control of the Corporation's funds by Commercial Federal did not relieve Kiskadden of his responsibility to pay the tax. *Id.* Therefore, the IRS' motion for summary judgment as to Kiskadden will be granted.

Accordingly, IT IS ORDERED that:

(1) The IRS' motion for summary judgment as to Ronald Muck is granted;

(2) The IRS' motion for summary judgment as to Duane Kiskadden is granted;

(3) Summary judgment as to liability shall be entered in favor of the United States and against Ronald Muck and Duane Kiskadden;

(4) Within eleven days after this order is filed the parties and their counsel shall meet and attempt to stipulate as to any issues remaining, and shall prepare a proposed order for judgment and a judgment to be entered by the Clerk, both of which shall be submitted to this court on or before June 23, 1992; and

(5) Plaintiff's claims and action are dismissed.