988 F.2d 58
 71 A.F.T.R.2d 93-1123, 93-1 USTC P 50,144,
Unempl.Ins.Rep. (CCH) P 17199A
 John R. BARTON, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee,
Ray B. McMartin, Defendant.
UNITED STATES of America, Counter-Claimant-Appellee,
v.
John R. BARTON, Counter-Defendant-Appellant.
 No. 92-1956.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Nov. 10, 1992.
Decided March 11, 1993.
 
 James R. Brown, Omaha, NE, argued (James W.R. Brown and William C. Brown, on brief), for plaintiff-appellant.
 Sally Schornstheimer, Washington, DC, argued (James A. Bruton, Gary R. Allen and Kenneth L. Greene, on brief), for defendant-appellee.
 Before FAGG, BEAM, and HANSEN, Circuit Judges.
 FAGG, Circuit Judge.
 
 
 1
 McMartin Industries, Inc. failed to pay over to the government federal income and social security taxes withheld from employees' wages for parts of 1984 and 1985. The Internal Revenue Service (IRS) assessed John R. Barton, the corporation's executive vice president and secretary, for these unpaid taxes under 26 U.S.C. § 6672, which permits the IRS to collect unpaid taxes from persons responsible for a corporation's failure to pay. After Barton paid part of the taxes under protest and the IRS denied his claim for a refund, Barton filed a complaint in district court. The Government counterclaimed against Barton for the remaining unpaid taxes. Following a bench trial, the district court found Barton was not a responsible person within the meaning of § 6672. Barton then moved for court costs and attorney fees under 26 U.S.C. § 7430, asserting the Government's litigation position that he was a responsible person was not substantially justified. The district court denied the motion. Barton appeals, seeking court costs and attorney fees at the statutory rate of $75 an hour from the date the Government filed its counterclaim. We reverse and remand.
 
 
 2
 Under § 7430, a party who substantially prevails in a court proceeding brought by the government is eligible for court costs and attorney fees if the party proves the government's litigation position in the proceeding was not substantially justified. Kenagy v. United States, 942 F.2d 459, 463 (8th Cir.1991). The government's litigation position is not substantially justified if it lacks a reasonable basis in law and fact. Id. at 464. Because Barton prevailed on the responsible person issue in the district court, the parties agree this appeal turns on whether the district court abused its discretion in concluding Barton failed to prove the Government's litigation position that he was a responsible person under § 6672 was unreasonable. Id. at 463-64.
 
 
 3
 Section 6672 imposes liability for unpaid federal withholding taxes on corporate personnel who (1) have the corporate responsibility to collect, truthfully account for, and pay over the taxes; and (2) willfully fail to do so. Elmore v. United States, 843 F.2d 1128, 1132 (8th Cir.1988). A responsible person under § 6672 has "the status, duty and authority to avoid the corporation's default in collection or payment of the taxes." Kenagy, 942 F.2d at 464. To trigger § 6672 liability, a person must have significant decision-making authority over the corporation's tax matters. Id. A person's technical authority to sign checks and duty to prepare tax returns are not enough to make the person responsible under the statute. See id. at 464-65; Godfrey v. United States, 748 F.2d 1568, 1575 (Fed.Cir.1984); Barrett v. United States, 580 F.2d 449, 452-53 (Ct.Cl.1978).
 
 
 4
 Ordinarily, a responsible person is an officer of the corporation. Kenagy, 942 F.2d at 464-65. Officers who lack tax-paying authority, however, cannot be held liable under § 6672 because of their position alone. See Godfrey, 748 F.2d at 1575-76. Thus, when deciding to bring a § 6672 claim against a corporate officer, the government cannot reasonably rely on the officer's corporate status and mechanical functions if it is beyond dispute that the officer lacks tax-paying authority. Kenagy, 942 F.2d at 464; Godfrey, 748 F.2d at 1575-76.
 
 
 5
 The Government's position that Barton was a responsible person was based on the IRS investigation. In November 1985, the IRS assessed Barton for the taxes after discovering Barton was the corporation's second-in-command, Barton had the corporate authority to sign tax returns and checks for small purchases, a rubber stamp facsimile of Barton's signature appeared on payroll checks, and Barton knew the corporation had not met earlier tax obligations. Barton protested the assessment and sent the IRS affidavits from corporate officers and employees that explained Ray McMartin, the corporation's president, had exclusive control of all corporate funds and sole responsibility for paying taxes. McMartin also signed an affidavit confirming, "Barton had absolutely no responsibility for payment of employee withholding funds to the IRS."
 
 
 6
 After Barton filed his complaint in May 1988, the Government filed a counterclaim against Barton and McMartin for the unpaid taxes. The Government then deposed the same corporate officers and employees that signed affidavits for the IRS. All the witnesses testified Barton lacked tax-paying authority. McMartin testified he alone controlled the corporation's financial affairs, he authorized every check Barton signed, and he was the person responsible for the collection and paying over of the tax funds in question. The Government also deposed the president of one of the corporation's suppliers, who testified he felt Barton had financial authority in the corporation. The president admitted, however, he had no first-hand knowledge of the corporation's finances or Barton's responsibilities.
 
 
 7
 Despite uncovering no evidence to dispute the affidavits Barton delivered to the IRS, the Government proceeded to trial against Barton more than three years after filing its counterclaim. The Government's evidence consisted mainly of McMartin's deposition, which exonerated Barton. Ruling from the bench, the district court found Barton had no authority or responsibility to pay the withheld taxes to the IRS. The district court found McMartin exercised exclusive control over the disbursement of corporate funds and he alone was responsible for paying the corporation's tax obligations. Thus, the district court ordered McMartin to pay the total unpaid taxes. Although these findings were entirely consistent with the original affidavits the Government possessed and with the Government's discovery, the district court nevertheless concluded the Government's position in the litigation was reasonable.
 
 
 8
 Contrary to the district court, we conclude the Government's litigation position that Barton was a responsible person did not have a reasonable basis in law and fact. The Government placed unwarranted reliance on Barton's corporate titles, limited management and supervisory powers, and restricted signature authority. As the case law makes clear, the Government could not reasonably rely on this kind of evidence in the face of uncontradicted evidence that Barton had no authority over tax matters. See Kenagy, 942 F.2d at 464-65; Godfrey, 748 F.2d at 1575-76. Indeed, when the Government filed its counterclaim, the Government had detailed affidavits from corporate officers and employees with knowledge of Barton's corporate role that showed Barton lacked tax-paying authority. The Government clearly demonstrated the unreasonableness of its position that Barton was a responsible person by presenting McMartin's deposition in evidence during the bench trial, completely destroying the Government's case against Barton.
 
 
 9
 The Government contends that its position was substantially justified because Barton knew the corporation had been late in paying withheld payroll taxes in the past, but allowed his signature to remain on payroll checks. We disagree. Knowledge that taxes are unpaid is only relevant to the issue of willfulness once a person is found responsible. See Godfrey, 748 F.2d at 1576. Without evidence that Barton had the authority to pay the taxes, his knowledge is irrelevant. See id. Similarly, absent evidence that Barton could prevent the corporation's tax default by removing his signature, his failure to do so is irrelevant. Id.
 
 
 10
 In denying Barton's motion for court costs and attorney fees, the district court correctly recognized the Government did not prove Barton had tax-paying authority. But in deciding the reasonableness of the Government's litigation position, the district court did not even mention that from the onset of the litigation the Government had no evidence to refute Barton's clear showing he lacked "significant ... authority in ... matters related to federal tax payments." Kenagy, 942 F.2d at 464. Because the district court failed to consider this crucial factor in deciding whether the Government's position was reasonable, we conclude the district court abused its discretion in denying Barton's motion. See United States v. Kramer, 827 F.2d 1174, 1179 (8th Cir.1987) (district court abuses its discretion when it does not consider a relevant factor that should have been given significant weight). Accordingly, we reverse and remand for an award of reasonable court costs and attorney fees.