# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

———

No. 97-3777

———

| | | |
|---|---|---|
| Lynn G. Sharp, | * | |
| | * | |
| Plaintiff-Appellant, | * | |
| | * | |
| v. | * | |
| | * | |
| United States of America, | * | |
| | * | Appeal from the United States |
| Defendant-Appellee, | * | District Court for the |
| | * | Southern District of Iowa. |
| v. | * | |
| | * | |
| Douglas A. Wilson, | * | |
| | * | |
| Third-Party Defendant. | * | |

———

Submitted: May 15, 1998

Filed: June 3, 1998

———

Before BOWMAN, Chief Judge, HEANEY and HANSEN, Circuit Judges.

———

HEANEY, Circuit Judge.

The sole question in this appeal is whether the district court abused its discretion in denying Lynn Sharp attorneys' fees. We hold that it did and reverse.

## I.

The Wilson Railway Corporation failed to pay federal income and social security taxes withheld from employees' wages for the first three calendar quarters of 1990. The Internal Revenue Service (IRS) assessed Douglas Wilson, the corporation's president, and Sharp, an employee of the corporation, $155,604 under 26 U.S.C. § 6672 of the Internal Revenue Code (IRC) for the failed payment. Sharp paid $100 of the assessment and immediately thereafter filed a tax refund claim with the IRS. The IRS denied Sharp's refund claim. Sharp then commenced an action seeking to recover the refund. The government filed a counterclaim against Sharp; but, after it discovered that the taxes had been paid for the first two quarters of 1990, dismissed that portion of its counterclaim. The remaining issue, Sharp's liability for the third quarter, was tried before a jury. The jury returned a verdict in Sharp's favor. The government did not appeal. Sharp thereafter sought $57,223 in attorneys' fees under §7430 of the IRC. The district court denied Sharp's motion and she now appeals.

## II.

In reviewing a denial of attorneys' fees under § 7430 of the IRC, we will reverse the district court only if it has abused its discretion. In re Testimony of Arthur Andersen & Co., 832 F.2d 1057, 1059 (8th Cir. 1987). To be eligible for an award of litigation costs under § 7430 of the IRC, a party must satisfy three requirements: (1) the party must have exhausted all administrative remedies available within the IRS, id. § 7430(b)(1); (2) the party must show that the requested award constitutes reasonable litigation costs, id. § 7430(c); and (3) the party must prove that she is a prevailing party as defined under § 7430(c)(4)(A).

The government concedes that Sharp satisfied the first requirement, but maintains that she failed to satisfy the second and third requirements. We first address whether Sharp has demonstrated that she is a prevailing party as defined by §

7430(c)(4)(A). To satisfy the prevailing party requirement, a prevailing party must (1) establish that the position of the United States in the proceeding was not substantially justified; (2) have substantially prevailed with respect to the amount in controversy or with respect to the most significant issue(s); and (3) have a net worth that does not exceed $2 million at the time the proceeding was commenced.

The government concedes that Sharp substantially prevailed with respect to the most significant issue and that she met the net worth requirement. It contends, however, that its position was substantially justified. We disagree.

"The government's litigation position is not substantially justified if it lacks a reasonable basis in law and fact." Barton v. United States, 988 F.2d 58, 59 (8th Cir. 1993). Section 6672 of the IRC imposes liability on corporate personnel for unpaid federal withholding taxes when the corporate employee has the responsibility to truthfully account for, collect, and pay taxes, but has willfully failed to do so. Id. (citation omitted).

After a careful review of the record, we are convinced that the president of the company, Wilson, was responsible for making the required quarterly payments to the IRS. Indeed, Wilson specifically directed Sharp not to tender the money that had been withheld from payroll to the IRS during the third quarter of 1990 or at any time.[1] Not only is it clear that Sharp did not have the authority to pay the withholding taxes, it is also clear from the record that the government was aware of the limitations on Sharp's authority before it filed its counterclaim. Therefore, we conclude that the IRS's position in this proceeding was not substantially justified and finding to the contrary was an abuse of discretion.

---

[1]The record indicates that when Sharp left the company in 1991, she personally contacted the IRS to complain about Wilson's possible criminal conduct.

## III.

Because Sharp was able to demonstrate that the IRS's position was not substantially justified, we reverse and remand to the district court for an award of reasonable attorneys' fees.[2]

A true copy.

Attest.

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

[2]We need not address whether the amount of attorneys' fees Sharp requests is reasonable because this should first be addressed by the district court.