# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-4228

_____

| | |
|---|---|
| United States of America, | * |
| | * |
| Appellee, | * |
| | * |
| v. | * |
| | * |
| Jean E. Bisbee, | * |
| | * |
| Appellant. | * |

_____

No. 00-1010

_____

Appeals from the United States
District Court for the
Southern District of Iowa.

| | |
|---|---|
| Maurice Warner Green, Jr., | * |
| | * |
| Appellant, | * |
| | * |
| v. | * |
| | * |
| United States of America, | * |
| | * |
| Appellee. | * |

_____

Submitted: November 15, 2000

Filed: April 9, 2001

_____

Before WOLLMAN, Chief Judge, McMILLIAN, and BYE, Circuit Judges.

_____

WOLLMAN, Chief Judge.

This tax case arises from an assessment of trust fund recovery penalties pursuant to 26 U.S.C. (I.R.C.) § 6672 (1994) against two officers of Iowa Malleable Iron Co. (IMI), Jean E. Bisbee and Maurice Warner Green, Jr. In a consolidated case, a jury found Bisbee but not Green liable for the penalty. Bisbee made several procedural challenges to the validity of the assessment against him, which the district court rejected. Green moved to recover litigation costs from the government as a prevailing party pursuant to I.R.C. § 7430, but the court denied his motion because it found that the United States was substantially justified in pursuing the action against Green. We affirm in part and reverse and remand in part.

**I.**

IMI failed to account for and pay over employment taxes as required by I.R.C. §§ 3402 and 6601 in the second and third quarters of 1993. During the tax periods at issue, Green was treasurer and Bisbee was president and chief executive officer (CEO) of IMI. Green had worked for IMI for 21 years and had previously served as chief financial officer, treasurer, president, and CEO. Bisbee took over Green's former offices of president and CEO in 1992. In 1996 and 1997, the Internal Revenue Service (IRS) assessed penalties against both Green and Bisbee under I.R.C. § 6672, after determining that they were persons responsible to "collect, truthfully account for, and pay over" the employment taxes and that each had willfully failed to pay over those taxes. I.R.C. § 6672.

The IRS assessed the original penalty against Bisbee on February 13, 1997, based on its calculation of IMI's employment tax liability for the second and third quarters of 1993. Several months later, the IRS obtained business records from IMI

-2-

showing that IMI's payroll for the third quarter was significantly less than the IRS originally believed. The IRS then corrected the assessment by abating a portion of the penalty. The abatement was made retroactive to the date of the initial assessment. The retroactive application of the abatement was designed to prevent the taxpayer from being charged with interest on the inappropriately assessed portion of the penalty for the period between the original assessment and the IRS's discovery of its error. The IRS offered into evidence copies of its official transcripts of payments and assessments with respect to Bisbee. The transcripts showed the dates of both the original assessment and the partial abatement as February 13, 1997. Bisbee contends that the retroactive abatement demonstrates the IRS's ability to "back-date" assessments and argues that the IRS transcripts should not be accepted as evidence of the date of assessment because they are unreliable. The court admitted the IRS transcripts and found that the assessment was made on February 13, 1997.

Green paid a divisible portion of the penalty under protest and filed an administrative claim for refund. After exhausting his administrative remedies, Green filed a claim for refund and motion for determination of tax liability in the district court. During the same time period, the government filed a complaint in the same district court seeking to reduce to judgment its assessment against Bisbee.

The district court submitted special interrogatories to the jury on each of the two required elements of the trust fund recovery penalty for both Green and Bisbee. The jury found that Green had proved by a preponderance of the evidence that he was not a responsible person with respect to IMI's trust fund taxes and that he did not willfully fail to account for or pay over the taxes. The jury found that Bisbee failed to meet his burden of proof on both elements. The court concluded that the evidence supported the verdicts and entered judgment accordingly, requiring Bisbee to pay the entire penalty. Bisbee appeals on four issues. Green challenges the district court's denial of his motion for attorney fees and costs.

## II.

Every employer is required to deduct and withhold federal income tax and Federal Insurance Contributions Act (FICA) tax from employees' wages as and when they are paid, I.R.C. §§ 3102 (FICA) and 3402 (income tax), and to hold the amounts withheld in trust for the United States. I.R.C. § 7501. These taxes are commonly referred to as trust fund taxes. Slodov v. United States, 436 U.S. 238, 243 (1978). Because the employer is liable for payment of the taxes withheld, the employee is credited with the payment when it is withheld, whether the government actually receives the payment or not. Slodov, 436 U.S. at 243; Olsen v. United States, 952 F.2d 236, 238 (8th Cir. 1991); I.R.C. § 3403. If the employer is a corporation and fails to make the required payment, the United States could lose the revenue. Olsen, 952 F.2d at 238. In order to protect against such losses, the persons responsible for ensuring that the trust fund taxes are paid who willfully fail to do so may be held personally liable. I.R.C. § 6672; Olsen, 952 F.2d at 238.

The IRS is authorized to assess and collect a trust fund recovery penalty from any officer or employee of any corporation who is responsible for collecting, accounting for, and paying over any tax imposed by the Internal Revenue Code and who willfully fails to do so. I.R.C. §§ 6671(b) and 6672. The amount of the penalty for which the person can be held personally liable is equal to the total amount of the tax not accounted for and paid over. I.R.C. § 6672(a).

### A. Bisbee

Bisbee asserts four claims of error in the assessment of the trust fund recovery penalty: (1) that the IRS was without authority to assess the penalty; (2) that the district court erred in finding that he received proper notice of the assessment and that the jury rather than the court should have made that determination; (3) that the district court erred in admitting the Certificate of Assessments and Payments and Certificate

of Official Record into evidence; and (4) that even if the assessment was lawful, he is not liable for the penalty because the IRS did not assess it within the required limitations period.

Bisbee rests his challenge to the authority of the IRS to assess the trust fund recovery penalty on two arguments. First, he asserts that the IRS is only authorized to assess a penalty based on taxes for which a return or list was actually made, and that IMI did not prepare or file tax returns or make any lists regarding the employment taxes on which this penalty was based. See I.R.C. § 6201. This argument fails because the statute requires only that taxes and penalties be assessed based on "all taxes . . . imposed by this title" that are not timely and properly paid. I.R.C. § 6201(a). The trust fund recovery penalty is based on the employment taxes for which IMI was liable and that were not timely or properly paid.

Bisbee argues in the alternative that even if the Secretary of the Treasury had authority to impose this penalty, the Secretary could not properly delegate this authority to the IRS district director, who actually assessed the penalty against Bisbee in this case. He argues that the delegation of authority from the Secretary to the district director applies only to taxes authorized under the Internal Revenue Code of 1954 or prior law, but does not extend to any taxes authorized by the Internal Revenue Code of 1986. 26 C.F.R. (Treas. Reg.) § 301.6201-1. This argument is wholly without merit. The Tax Reform Act of 1986, Pub. L. No. 99-514, 100 Stat. 2085, amended and redesignated the Internal Revenue Code of 1954 as the Internal Revenue Code of 1986. Section two of that Act specifically declares that "any reference in any law . . . or other document– to the Internal Revenue Code of 1954 shall include a reference to the Internal Revenue Code of 1986." Tax Reform Act of 1986, Pub. L. No. 99-514, § 2, 100 Stat. 2085, 2095 (1986); accord Matter of LaSalle Rolling Mills, Inc., 832 F.2d 390, 391 n.1 (7th Cir. 1987). That the regulation has not been updated to reflect the redesignated title of the Code is irrelevant because it is deemed to refer to the Internal

Revenue Code of 1986 by the terms of the law enacting that code. 100 Stat. 2085, 2095. Accordingly, the IRS district director had the authority to assess the penalty.

Bisbee's second claim of error concerns the district court's finding that the government provided Bisbee with the notice of the assessment that is required by I.R.C. § 6672(b). Section 6672 requires that the IRS notify the taxpayer in writing at least sixty days prior to any notice and demand of the penalty that the taxpayer will be subject to such a penalty. I.R.C. §§ 6672(b)(1), 6672(b)(2). The issue of whether the notice Bisbee received adequately complied with the statutory requirement is a question of law that we review de novo. Wells Fargo & Co. v. Commissioner, 224 F.3d 874, 880 (8th Cir. 2000). The district court's determination of the contents of the notices that Bisbee received and their interpretation are findings of fact which we overturn only for clear error. Howard E. Clendenen, Inc. v. C.I.R., 207 F.3d 1071, 1073 (8th Cir. 2000). Bisbee does not dispute that he received three timely notices of the pending assessment of the trust fund penalty. He argues instead that all of these notices included a demand for payment and thus were not the type of notice "preced[ing] any notice and demand of [the] penalty" that the statute requires. I.R.C. § 6672(b)(2). The court found that the notices contained information explaining how to pay the penalty if the taxpayer did not wish to challenge it, that this informational notice did not demand payment, and that Bisbee therefore received sufficient timely notice. We conclude that the district court did not err in determining the content of the notices, and we agree with its conclusion that the notices complied with the statute.

Bisbee's third challenge involves the admission into evidence of two IRS documents. The government offered into evidence a Certificate of Assessments and Payments showing that the trust fund recovery penalty was assessed against Bisbee on February 13, 1997. This document shows the taxpayer's name and social security number, the type and amount of tax, and the date of assessment. It was offered together with a Form 2866, Certificate of Official Record, attesting to the authenticity

of the Certificate of Assessments and Payments. Form 2866 was under seal and bore the signature of the manager of the certification unit of the regional service center.

A document bearing a seal purporting to be that of the United States and a signature purporting to be an attestation requires no extrinsic evidence of authenticity as a condition precedent to admission. Fed. R. Evid. 902. Bisbee argues that this rule creates only a rebuttable presumption of admissibility that he has rebutted by showing that the date of the partial abatement of the penalty as shown on the Certificate of Assessments and Payments was not the date the partial abatement was actually made. Bisbee mischaracterizes the rule. An official document that is under seal and bears a signature purporting to be an attestation is admissible. United States v. Darveaux, 830 F.2d 124, 126 (8th Cir. 1987). That Bisbee presented evidence tending to contradict the facts in the Certificate and Form 2866 does not render the properly admitted evidence inadmissible. The court did not abuse its discretion in admitting the certificate.

Bisbee claims that even if the certificate and Form 2866 are admissible, they are insufficient to establish the fact that the assessment was made on February 13, 1997. He did not, however, present any evidence specifically refuting the date of assessment or suggesting any alternative date. The district court rejected Bisbee's argument and found that the assessment was made on February 13, 1997. We find no clear error in this determination.

Our affirmance of the district court's finding that the assessment was made on February 13, 1997, disposes of Bisbee's final contention, which is that the IRS was barred from assessing the penalty because it did not present credible evidence that the assessment was made within the limitations period.

## B. Green

After the district court entered judgment affirming the jury's finding declaring that he was not a responsible person and was not liable for the penalty, Green filed a motion pursuant to I.R.C. § 7430 seeking an award of litigation costs from the government. A prevailing party in any judicial proceeding instituted in connection with a penalty assessed pursuant to I.R.C. § 6672 may be awarded a judgment for reasonable attorney fees and costs incurred in connection with such a proceeding. I.R.C. § 7430(a), 7430(c)(1). To recover litigation costs, a prevailing party must not only substantially prevail on the merits of the case, but must also show that the United States was not substantially justified in its litigation position. I.R.C. § 7430(c)(4). The position of the United States is substantially justified if it has a reasonable basis in both law and fact, a determination made on a case by case basis. Kenagy v. United States, 942 F.2d 459, 464 (8th Cir. 1991). The taxpayer bears the burden of proving that the government's litigation position was not substantially justified. Id. at 463. Denial of a motion for attorney fees under I.R.C. § 7430 should be reversed only if the district court abused its discretion. Sharp v. United States, 145 F.3d 994, 996 (8th Cir. 1998).

Green contends that because the IRS possessed ample information demonstrating that he lacked the authority to pay the taxes, its litigation position was not substantially justified. He asserts that the IRS was aware before and during the litigation that although as treasurer he was responsible for making payments to IMI's creditors, he lacked the authority to determine the priority order in which creditors were to be paid after Bisbee replaced him as president and CEO. In support of its litigation position, the government points to Bisbee's testimony that Green was involved in the group decision regarding which creditors should be paid, as well as to Green's acknowledgment that he was responsible for making certain that creditors were paid and that he in fact ensured that the taxes were paid when funds were available.

The IRS's position that a corporate officer is a responsible person solely because of his title and status is not reasonable where the agency is possessed of evidence indicating that the officer had no authority to pay taxes. Barton v. United States, 988 F.2d 58, 60 (8th Cir. 1993); see also Sharp v. United States, 145 F.3d 994, 996 (8th Cir. 1998). The IRS's countering argument that a responsible person cannot avoid liability on the ground that he was instructed not to exercise his authority to pay taxes, see, e.g., Greenberg v. United States, 46 F.3d 239, 243-44 (3rd Cir. 1994), begs the question of whether Green had authority to pay the taxes once Bisbee became president and CEO of IMI. The pre-litigation information possessed by the IRS included statements from Green and other IMI employees that Bisbee had decision-making authority and that he had mandated that the taxes were to be paid only after other creditors had been satisfied. In addition, the IRS was aware that the state of Iowa had determined that Green was not a responsible person under a state revenue statute similar to I.R.C. § 6672. Moreover, the IRS was aware that Bisbee was brought in, and that Green was demoted, specifically for the purpose of altering IMI's business practices. Other than Green's title at IMI, the only indication that Green had authority to pay taxes in contravention of Bisbee's directions to the contrary came from Bisbee himself, whose credibility on the subject is suspect at best.

Green's occasional payment of taxes when funds were available after other creditors had been paid and the fact that he was responsible for tendering payments to creditors do not establish that he had the authority to defy Bisbee and pay the taxes. There is no question but that Green had the ability to cause a check to be issued on one of IMI's accounts to IRS. That ability, however, does not necessarily connote the authority to do so, and it is the possession of authority by the allegedly responsible person that is relevant to the reasonableness of the IRS's position with respect to Green. See Barton, 988 F.2d at 59 ("A person's technical authority to sign checks and duty to prepare tax returns are not enough to make the person responsible under the statute."). To adopt the IRS's contentions would be to include within the definition of "responsible person" those who, like Green, are mere functionaries, lacking the

authority that the law requires as a prerequisite to a finding of liability.  See id. (corporate officers who lack tax-paying authority may not be held liable under section 6672 based solely on their title, corporate status, and mechanical functions).  We conclude that because the IRS's litigation position with respect to Green lacked a reasonable basis in fact, it was not substantially justified, and the district court erred in holding otherwise.

The judgment against Bisbee is affirmed.  The order denying Green's motion for litigation fees and costs is reversed, and the case is remanded to the district court for an award of reasonable fees and costs.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.