

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-22-2003

# USA v. Mitchell

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-3386

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"USA v. Mitchell" (2003). *2003 Decisions.* Paper 41.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/41

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 02-3386

UNITED STATES OF AMERICA

v.

LAWRENCE A. MITCHELL,
Appellant

Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 00-cv-00045)
District Judge:  Jerome B. Simandle

Submitted Under Third Circuit LAR 34.1(a)
November 18, 2003

Before:  RENDELL, BARRY and CHERTOFF, Circuit Judges.

(Filed December 22, 2003)

OPINION OF THE COURT

RENDELL, Circuit Judge.

Section 6672 of the Internal Revenue Code ("the Code") permits the government

to collect from a "responsible" person who willfully fails to pay employment taxes an

amount equal to the unpaid taxes.  26 U.S.C. § 6672.  The United States assessed

Lawrence A. Mitchell under this provision for the unpaid employment taxes of Mitchell Construction, Inc. ("Mitchell Construction" or "the corporation") for the fourth quarter of 1986 and the first, second and third quarters of 1987. It filed this action under 26 U.S.C. § 7401 to reduce that assessment to judgment. The District Court entered judgment for the United States after a bench trial, finding Mitchell liable for the assessment of unpaid taxes in the amount of $463,168.83, plus applicable interest and penalties since December 13, 1999. Mitchell now appeals. For the reasons which follow, we will affirm.

I.

From 1972 to 1998, Mitchell was employed in electrical and mechanical contracting, doing business under the name of Mitchell Mechanical/Electrical Contractors, Inc. In 1986, Mitchell agreed to "lend" his name and his licenses to a new corporation, Mitchell Construction, that was to be an electrical contractor on a condominium project in Brigantine, New Jersey. Mitchell was president of the corporation, its highest ranking officer, and a member of the Board of Directors. He also had substantial authority directing the construction work at the project.

Mitchell had signature authority on the corporate accounts at First Jersey National Bank, including the general operating account, the petty cash account and the payroll account. He signed payroll checks from the payroll from the fourth quarter of 1986 through the fourth quarter of 1987. Mitchell Construction filed Form 941, Employer's Quarterly Federal Tax Return, for the fourth quarter of 1986 and the first three quarters of

2

1987, but failed to pay over the income and social security taxes it withheld from employees' wages for those quarters.

In January 1990, pursuant to § 6672, the IRS assessed Mitchell for $196,428 as a responsible person of Mitchell Construction who willfully failed to pay over trust fund taxes for the fourth quarter of 1986 and the first three quarters of 1987. On January 5, 2000, the United States filed its complaint in this case, seeking to reduce the assessment, plus interest and statutory additions, to judgment.

On the day of trial, Mitchell's attorney, Gary Levin, orally amended Mitchell's pending motion to dismiss, contending for the first time that the handwritten date in the "Assessment Date" box of Mitchell's copy of IRS Form 2749, Request for 100-Percent Penalty Assessment, indicated that Mitchell's assessment date was January 4, 1990, rather than January 9, 1990, as the government's copy of Form 2749 indicated. He further argued that the appearance of "January 9, 1990" on all subsequent IRS documents, including the official Form 4340, Certificate of Assessments and Payments, was the result of a typographical error when the information from Form 2749 had been transcribed. As a result, Levin argued that the complaint was time-barred, because it had been filed on January 5, 2000, more than ten years after the assessment date. 26 U.S.C. § 6502(a).

Levin asked that the government be required to produce the original Form 2749. Given that it had not been listed as an exhibit in the joint final pre-trial order and that it might take more than two weeks to obtain the original document from the IRS, the

3

District Court allowed the government to submit a copy from its file. After examining Mitchell's copy of Form 2749, the government's copy of Form 2749 and enlargements of both copies, and hearing testimony from an IRS employee about IRS procedures, the District Court concluded that Mitchell's copy had been altered to turn "January 9, 1990" into "January 4, 1990." In its view, the preponderance of the evidence, including Form 4340 and the Individual Master File Account Transcript, indicated that the penalty had been assessed on January 9, 1990. The District Court concluded that the government's claim was not time-barred and denied Mitchell's motion to dismiss.

The case proceeded to trial. After the government had presented its case, Mitchell moved for summary judgment, arguing that the government had not proven a "nexus" between the corporation's earnings and a trust fund for withheld taxes, nor had it presented sufficient evidence to find Mitchell a "responsible" person under § 6672. The District Court denied the motion, finding that Mitchell's "nexus" argument was incorrect as a matter of law and that, based on tax returns and corporate checks signed by Mitchell during the relevant time period, there was sufficient evidence for the case to go forward.

In his defense, Mitchell testified that he had resigned as president on December 16, 1986, and had no knowledge of the corporation's activities after that date. He further testified that his name had been forged on corporate checks. However, based on the testimony of other corporate officers and an examination of the many documents involved, the District Court concluded that these assertions "were untrue." It found that

4

Mitchell was "responsible" and "willful" within the meaning of § 6672 and entered judgment against him.

Mitchell challenges the District Court's decision not to require the government to produce the original Form 2749. He also asserts that the District Court erred in finding that § 6672 does not require a nexus between corporate receipts and taxes held in trust and in finding him a responsible person under § 6672. We have jurisdiction under 28 § U.S.C. 1291.

## II.

First, Mitchell contends that the District Court erred in not requiring the government to produce the original Form 2749, despite the fact that it had not been listed on the final pretrial order. We review a district court's ruling as to the admissibility of evidence for an abuse of discretion. SEC v. Infinity Group Co., 212 F.3d 180, 198 (3d Cir. 2000). Likewise, "departure from or adherence to the final pretrial order is a matter peculiarly within the province of the trial judge, whose decision will not be disturbed on appeal absent a clear abuse of discretion." Berroyer v. Hertz, 672 F.2d 334 (3d. Cir. 1982).

Fed. R. Evid. 1002 provides that, to prove the contents of a writing, the original writing is required, except as otherwise provided by the Rules. One such exception, Fed. R. Evid. 1003, provides that a duplicate is admissible unless (1) a genuine question is raised as to the authenticity of the original, or (2) in the circumstances, it would be unfair

5

to admit the duplicate in lieu of the original. In light of the copy of Form 2749 that Mitchell proffered on the morning of the trial, he argues that there is a genuine question as to the authenticity of the original Form 2749, and that the government should have been required to produce it.

The District Court ultimately concluded that Mitchell's copy had been altered in some fashion. Considering the questionable nature of the evidence offered by Mitchell, we cannot say that he has raised a "genuine" question as to the authenticity of the original Form 2749. As a result, the District Court did not abuse its discretion in admitting the government's copy.[1] Furthermore, the District Court's decision was even more appropriate in light of the fact that Form 2749 was not listed in the final pretrial order. Thus, we are convinced that the District Court did not abuse its discretion.

### III.

Second, Mitchell argues that the District Court erred in concluding that the government was not required to prove a nexus between corporate earnings and taxes held in trust before liability could be imposed upon him under § 6672. Our review of questions of law is plenary. Edwards v. Wyatt, 335 F.3d 261, 271 (3d Cir. 2003).

Mitchell claims that Mitchell Construction received no payments from its

---

[1]We note that the District Court also admitted into evidence the copy of Form 2749 offered by Mitchell, and weighed the significance of both copies, as well as other documentary evidence, including the official Certificate of Assessments and Payments, before concluding that Mitchell's assessment date was January 9, 1990.

employer during the relevant time period, and therefore, that Mitchell Construction had no money with which to pay employment taxes and could not place funds in trust for the payment of these taxes.[2] As a result, he argues that the corporation had no obligation to pay taxes and that he cannot be held personally liable for its failure to do so.

However, Sections 3102(a) and 3402(a) of the Internal Revenue Code require employers to deduct and withhold payroll taxes as wages are paid. <u>Slodov v. United States</u>, 436 U.S. 238, 243 (1978). Under § 7501(a), the withheld taxes are "held to be a special fund in trust for the United States." <u>Slodov</u>, 436 U.S. at 244. <u>See</u> <u>also</u> <u>United States v. Bisbee</u>, 245 F.3d 1001, 1005 (8th Cir. 2001) ("Every employer is required to deduct and withhold federal income tax and Federal Insurance Contribution Act (FICA) tax from employees' wages as and when they are paid, ... and to hold the amounts withheld in trust for the United States"). Thus, Mitchell Construction became liable for payroll taxes the moment that it paid wages to its employees, regardless of whether or not it received payment from its employer and regardless of whether or not it placed the withheld funds in a segregated account. Accordingly, we reject Mitchell's argument.

IV.

Third, Mitchell argues that the District Court erred in concluding that Mitchell was a responsible person within the ambit of § 6672. We review the District Court's findings

---

[2]We note that contrary to this claim the District Court concluded that Mitchell Construction did have sufficient deposits in its bank accounts to cover its tax obligation.

7

of fact for clear error.  Edwards, 335 F.3d at 271.

Section 6672(a) of the Code provides that "any person required to collect, truthfully account for, and pay over any tax .... who willfully fails to collect such tax, or truthfully account for and pay over such tax .... shall .... be liable to a penalty equal to the total amount of the tax."  Section 6671(b) defines "person," for purposes of § 6672, as including "an officer or an employee of a corporation, or a member or employee of a partnership, who as such officer, employee, or member is under a duty to perform the act in respect of which the violation occurs."  As a result, an individual responsible for the collection and payment of a corporation's trust fund taxes who willfully fails to do so is personally liable for the amount of the unpaid taxes.  Slodov, 436 U.S. at 245.

Two conditions must be satisfied before liability can attach under § 6672: (1) the individual must be a "responsible person," and (2) his or her failure to pay the tax must be "willful."  Greenberg v. United States, 46 F.3d 239, 242 (3d Cir. 1994).  "Responsibility is a matter of status, duty or authority, not knowledge."  Quattrone Accountants, Inc. v. IRS, 895 F.2d 921, 927 (3d Cir. 1990).  Courts consider several factors in determining whether an individual is "responsible" for collecting and paying a corporation's taxes, including: (1) the contents of the corporate bylaws; (2) the ability to sign checks on the company's bank account; (3) the signature on the corporation's tax returns; (4) the payment of other creditors; (5) the identity of officers, directors and principal stockholders in the corporation; (6) the identity of individuals in charge of hiring and

8

discharging employees; and (7) the identity of individuals in charge of the firm's financial affairs.  Brounstein v. United States, 979 F.2d 952, 954-55 (3d Cir. 1992).

Mitchell was president of Mitchell Construction, served on its Board of Directors, and had signature authority over its various bank accounts, all of which would indicate that he was a "responsible person" under § 6672.  Nevertheless, he argues that he resigned from the corporation on December 16, 1986, and that, while he remained with company after that date, no longer had the type of authority over corporate affairs to be deemed "responsible" during the relevant time period.  However, this claim is contradicted by the testimony of Thomas Pauley, chairman of the corporation's Board of Directors, that he had no recollection of a letter of resignation and that Mitchell remained involved in the management of the corporation after that date.  Mitchell's own testimony indicated a level of familiarity with the corporation's financial affairs after his "resignation" that could have only come from his continued involvement in the corporation's most important decisions.  In addition, despite Mitchell's contention that his name was forged on corporate documents after his "resignation," the District Court determined that his signature appeared on corporate checks totaling hundreds of thousands of dollars and corporate tax returns, both before and after December 16, 1986.  Looking at the facts and the aforementioned factors, Mitchell's  position within the corporation, the presence of his signature on corporate checks and tax returns, and his authority over the firm's financial affairs clearly indicate that he was a "responsible

9

person" within the meaning of the statute.

Turning to the second condition, "in order for the failure to turn over withholding taxes to be willful, a responsible person need only know that the taxes are due or act in reckless disregard of this fact when he fails to remit to the IRS." Greenberg, 46 F.3d at 244. Mitchell's testimony indicated that he was well aware of the tax obligation of the corporation, and yet he took no steps to pay it. As a result, his failure to turn over the corporation's withholding taxes could be considered willful within the meaning of the statute.

Thus, based upon our review of the record, we conclude that the District Court did not err in finding that Mitchell (1) was a responsible person, and (2) willfully failed to pay over federal employment taxes.

V.

For the reasons set forth above, we will affirm.

—————————————————

TO THE CLERK OF COURT:

Please file the foregoing opinion.

/s/  Marjorie O. Rendell
Circuit Judge

Dated:  December 22, 2003

11