# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

―――――――

No. 09-2780

―――――――

| | | |
|---|---|---|
| Center for Family Medicine, a South Dakota Corporation; University of South Dakota School of Medicine Residency Corporation, a South Dakota Corporation, | * * * * * | |
| | * | Appeal from the United States |
| Appellants, | * | District Court for the |
| | * | District of South Dakota. |
| v. | * | |
| | * | |
| United States of America, | * | |
| | * | |
| Appellee. | * | |

―――――――

Submitted: June 16, 2010
Filed: July 30, 2010

―――――――

Before RILEY, Chief Judge, CLEVENGER[1] and COLLOTON, Circuit Judges.

―――――――

RILEY, Chief Judge.

The Center for Family Medicine (CFM) and the University of South Dakota School of Medicine Residency Corporation (Residency Corporation) (collectively, appellants) filed a lawsuit against the United States of America (government), seeking

―――――――――――――

[1]The Honorable Raymond C. Clevenger, III, United States Circuit Judge for the Federal Circuit, sitting by designation.

a refund for Federal Insurance Contributions Act (FICA) taxes the Internal Revenue Service (IRS) assessed and collected on stipends appellants paid to medical students. After the district court[2] denied the government's first and second motions for summary judgment and granted appellants' cross-motion for summary judgment, appellants moved for attorney fees from the government pursuant to 26 U.S.C. § 7430. The district court granted in part, and denied in part, appellants' motion, finding appellants were entitled to attorney fees with respect to the government's first summary judgment motion, but not for the subsequent cross motions. Appellants appeal the district court's partial denial of their motion, and we affirm.

## I.    BACKGROUND

Appellants brought an action against the government, alleging the IRS erroneously assessed and collected FICA taxes on stipends paid to medical students in appellants' residency programs for all tax years from 1995 to 2003 inclusive. Appellants claimed the stipends were exempt from FICA taxes pursuant to 26 U.S.C. § 3121(b)(10). FICA taxes are not assessed on wages earned for:

> **(10)** service performed in the employ of—
>
> > **(A)** a school, college, or university, or
> >
> > **(B)** an organization described in section 509(a)(3) if the organization is organized, and at all times thereafter is operated, exclusively for the benefit of, to perform the functions of, or to carry out the purposes of a school, college, or university and is operated, supervised, or controlled by or in connection with such school, college, or university, unless it is a school, college, or university of a State or a political subdivision thereof and the services performed in its employ by a student referred to in section 218(c)(5) of the Social Security Act are covered under the

---

[2]The Honorable Karen E. Schreier, Chief Judge, United States District Court for the District of South Dakota.

> agreement between the Commissioner of Social Security and such State entered into pursuant to section 218 of such Act;

> if such service is performed by a student who is enrolled and regularly attending classes at such school, college, or university.

26 U.S.C. § 3121(b)(10) (student exception).

The government filed a motion for summary judgment, arguing the student exception did not apply to the medical residents employed by appellants. The government declared "<u>as</u> <u>a</u> <u>matter</u> <u>of</u> <u>law</u>, medical residents . . . are covered by the social security system, and they (and their employers) are subject to social security taxes."

The district court denied the government's motion. Relying on <u>Minnesota v. Apfel</u>, 151 F.3d 742 (8th Cir. 1998), the district court determined Eighth Circuit precedent prohibited the bright-line rule urged by the government that medical residents could never qualify for the student exception. In <u>Apfel</u>, our court concluded the student exception[3]

> contemplates a case-by-case examination to determine if an individual's relationship with a school is primarily for educational purposes or primarily to earn a living. The Commissioner cannot avoid such a case-by-case examination by summarily concluding that medical residents are never students regardless of the nature of their relationship with their employer.

<u>Id.</u> at 748.

---

[3]<u>Apfel</u> concerned the "student exception" found at 42 U.S.C. § 410(a)(10). <u>Apfel</u>, 151 F.3d at 747. The applicable statutory language in § 410(a)(10) is identical to the language contained in 26 U.S.C. § 3121(b)(10), although <u>Apfel</u> did rely heavily on the Social Security regulations implementing the student exception, 20 C.F.R. § 404.1028(c). <u>Id.</u> at 748.

After appellants each filed motions for summary judgment, arguing they were entitled to a refund of the FICA taxes as a matter of law, the government responded by filing a second summary judgment motion. This time, the government argued the student exception did not apply to the medical students in appellants' residency programs, not as a matter of law, but because (1) the patient care provided by these specific residents was not "incident to and for the purpose of pursuing a course of study at a school, college or university" because the residents performed these services up to 70 hours per week; and (2) the residents were not employed by schools, colleges, and universities but "were employed by hospitals, clinics, and individual doctors' practices . . . which funded the cost of the residents' stipends and benefits."

The district court again denied the government's motion, and granted in part, and denied in part,[4] appellants' cross-motions, finding appellants were entitled to a refund of erroneously collected FICA taxes. The district court entered stipulated judgments, awarding CFM $628,517.45 plus interest for its employer contribution and $591,905.70 plus interest for its employee contribution, and Residency Corporation $1,047,962.44 plus interest for its employer contribution and $712,548.20 for its employee contribution.

Appellants then moved for attorney fees and costs pursuant to 26 U.S.C. § 7430. Under § 7430, a prevailing party in a lawsuit concerning tax refunds may be awarded reasonable litigation costs, including attorney fees paid or incurred. See 26 U.S.C. § 7430(a)(2) and (c)(1)(B)(iii). "The term 'prevailing party' means any party . . . which—(I) has substantially prevailed with respect to the amount in controversy, or (II) has substantially prevailed with respect to the most significant issue . . . ." Id. at § 7430(c)(4)(A)(i). However, "[a] party shall not be treated as the prevailing party

---

[4]The district court denied appellants' motion with respect to "chief residents" who had elected to stay on after the completion of the residency program and helped to administer the residency program.

-4-

in a proceeding . . . if the United States establishes that the position of the United States in the proceeding was substantially justified." Id. at § 7430(c)(4)(B)(i).

The district court granted appellants' motion in part and denied it in part. The district court awarded appellants attorney fees with respect to the government's first summary judgment motion, finding the government's position in that motion was not substantially justified because the government had "asked [the district] court to rule in a way that was directly contrary to binding Eighth Circuit preceden[t]." The district court denied appellants' motion for attorney fees with respect to the subsequent cross-motions for summary judgment, holding the government's position in the subsequent motions "was substantially justified." The district court declared, "Despite the court's adverse ruling [on the cross-motions for summary judgment], . . . the United States did have a reasonable basis in fact to argue that [appellants] were not employers, that [appellants] were not schools, and that the medical residents were not students."

Appellants now challenge the district court's partial denial of their motions for attorney fees.[5]

---

[5]The government also appealed the district court's grant of partial summary judgment in favor of appellants and the award of attorney fees. In March 2010, the IRS announced it "has made an administrative determination to accept the position that medical residents are excepted from FICA taxes based on the student exception for tax periods ending before April 1, 2005." The government thereafter withdrew all of its appeals in this case.

Effective April 1, 2005, the IRS regulations were amended. See 26 C.F.R. § 31.3121(b)(10)-2(f). The new regulations, which do not apply to this case, provide that medical residents who work 40 hours or more per week are considered full-time employees and do not qualify for the student exception. See id. at § 31.3121(b)(10)-2(d)(3)(iii). However, on June 1, 2010, the Supreme Court granted a petition for writ of certiorari in Mayo Found. for Med. Educ. & Research v. United States. See __ S. Ct. __, No. 09-837, 2010 WL 149135 (June 1, 2010). The petition presents the following question: "Whether the Treasury Department can categorically exclude all

## II. DISCUSSION

Appellants claim the district court erred in partially denying their motion for attorney fees based on the court's finding the government's position in its second motion for summary judgment, and in opposition to appellants' summary judgment motions, was substantially justified. We review a district court's denial of a motion for attorney fees pursuant to 26 U.S.C. § 7430 for abuse of discretion. See United States v. Bisbee, 245 F.3d 1001, 1007 (8th Cir. 2001).

"The position of the United States is substantially justified if it has a reasonable basis in both law and fact, a determination made on a case by case basis." Kaffenberger v. United States, 314 F.3d 944, 960 (8th Cir. 2003) (quoting Bisbee, 245 F.3d at 1007) (internal quotation marks omitted); see also Pierce v. Underwood, 487 U.S. 552, 565 (1988) ("We are of the view, therefore, that as between the two commonly used connotations of the word 'substantially,' the one most naturally conveyed by the phrase before us here is not 'justified to a high degree,' but rather 'justified in substance or in the main'—that is, justified to a degree that could satisfy a reasonable person."). The government has the burden to establish its position was substantially justified. See 26 U.S.C. § 7430(c)(4)(B)(i) ("A party shall not be treated as the prevailing party . . . *if the United States establishes* that the position of the United States in the proceeding was substantially justified." (emphasis added)).[6]

---

medical residents and other full-time employees from the definition of 'student' in 26 U.S.C. § 3121(b)(10), which exempts from Social Security taxes 'service performed in the employ of a school, college, or university' by a 'student who is enrolled and regularly attending classes at such school, college, or university.'"

[6]Apparently relying on an earlier version of 26 U.S.C. § 7430, other panels of this court have concluded the burden of proof is on the taxpayer to show the government's position was not substantially justified. See, e.g., Kaffenberger, 314 F.3d at 960 ("The taxpayer bears the burden of proving that the government's litigation position was not substantially justified." (quoting Bisbee, 245 F.3d at 1007)). However, "[a] 1996 amendment to the statute explicitly placed the burden of proof on this issue on the government when it added § 7430(c)(4)(B)." Sherbo v. Comm'r, 255 F.3d 650, 653 (8th Cir. 2001).

Appellants contend the government's position in its second summary judgment motion, and in opposition to appellants' motions, was not substantially justified because (1) the government continued to advocate a "bright-line" rule that medical residents could never qualify for the student exception, contrary to Apfel and United States v. Mayo Found. for Med. Educ. & Research, 282 F. Supp. 2d 997 (D. Minn. 2003) (Mayo I); (2) Mayo I foreclosed the government's argument that hospitals, rather than the appellants, employed the medical residents; and (3) the government's contention that CFM was not a school contravened IRS regulations.

Having carefully reviewed appellants' arguments, we conclude the district court did not abuse its discretion by denying in part appellants' motions for attorney fees. First, like the district court, we disagree with appellants' contention that the government continued to push for a bright-line rule in its second motion for summary judgment. When read in its entirety and in proper context, it is clear the government engaged in the case-by-case factual analysis Apfel requires.

Appellants' second argument—that the government was not substantially justified in arguing hospitals, rather than the appellants, were the medical residents' employers—relies heavily on the analysis in Mayo I. In Mayo I, a district judge of the District of Minnesota determined the director of the residency program at Mayo Foundation for Medical Education and Research (Mayo Foundation) in Rochester, Minnesota, was the "overall 'boss'" of the residents in that program, and thus the Mayo Foundation was the residents' employer. Mayo I, 282 F. Supp. 2d at 1012-13. The fact the government was unsuccessful in arguing the hospitals employed the residents in the Mayo Foundation residency program did not preclude the government from making a similar argument about a different residency program in a different case before a different district court. One district court is not bound by the decision or reasoning of another district court involving other parties with the same issue. See also 26 U.S.C. § 7430(c)(4)(B)(iii) ("In determining . . . whether the position of the United States was substantially justified, the court shall take into account whether the

United States has lost in ***courts of appeal for other circuits*** on substantially similar issues." (emphasis added)).

Finally, appellants claim the government was not substantially justified in taking the position that CFM did not qualify as a "school, college, or university" for purposes of the student exception because CFM was designated as a hospital and medical research organization rather than an educational institution for charitable contribution purposes under 26 U.S.C. § 170(b)(1)(A)(ii) and (iii). Having reviewed the government's brief in support of summary judgment, the parties' arguments, and the relevant statutory provisions and regulations, we conclude the government's position was substantially justified because "it ha[d] a reasonable basis in both law and fact."[7]  Kaffenberger, 314 F.3d at 960.

The district court did not abuse its discretion in determining appellants were not entitled to attorney fees with respect to the government's second summary judgment motion and opposition to appellants' summary judgment motions.

## III.  CONCLUSION
We affirm.

––––––––––––––––––––––––––––

[7]Effective April 1, 2005, the IRS regulations incorporate 26 U.S.C. § 170(b)(1)(A)(ii)'s definition of an educational institution into the definition of a school, college, or university.  See 26 C.F.R. § 31.3121(b)(10)-2(c).